IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LUCINDA M. YAZZIE,

    Plaintiff,

v.

LAW OFFICES OF FARRELL & SELDIN; and
TARGET NATIONAL BANK,

    Defendant.

**COMPLAINT FOR DAMAGES, DECLARATORY
AND INJUNCTIVE RELIEF AND REQUEST FOR JURY**

1. Defendant Law Offices of Farrell & Seldin, attorney debt collectors, and Target National Bank, a creditor, persist in trying to garnish Plaintiff Lucinda M. Yazzie's wages despite notice that the debt was owed by someone else with the same name but a different social security number. Plaintiff seeks damages under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), and New Mexico consumer protection law.

**Jurisdiction**

2. This Court has jurisdiction under the FDCPA, 15 U.S.C. § 1692k(d), and under 28 U.S.C. §§ 1331 & 1337. This Court has supplemental jurisdiction over the state claims pursuant to 28 U.S.C. § 1367.

**Parties**

3. Plaintiff Lucinda M. Yazzie resides in or near Farmington, New Mexico. She is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

4. Defendant Law Offices of Farrell & Seldin is a law firm whose main office is in Colorado and whose principal business is the collection of consumer debts. It regularly collects or

attempts to collect debts owed or due or asserted to be owed or due another. It has been engaged by multiple creditors to do so. It has been sued for its unlawful debt collection practices in New Mexico. *See Wagy v. Farrell & Seldin*, No. CV-07-10652 (Bernalillo County District Court). Farrell & Seldin is "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

5. Defendant Target National Bank is a foreign corporation that owns or originated the debt at issue in this lawsuit.

## Facts

6. Someone with the name of Lucinda Yazzie defaulted on an account owned by Target National Bank.

7. The person that defaulted on this account is not Plaintiff.

8. Plaintiff's social security number is significantly different – by the last five digits – than the social security number assigned to the person that is liable on the account.

9. After the account was in default, Target National Bank assigned the right to collect on the account to Farrell & Seldin.

10. On April 23, 2007, Farrell & Seldin filed a Complaint for Money Due in New Mexico state court in which it, on behalf of Target National Bank, named "Yazzle M. Lucinda" as Defendant.

11. In the complaint, Defendants to this lawsuit stated that the defendant in the state court lawsuit resides at 310 Cuesta Avenue in Farmington.

12. Plaintiff has never lived at this address.

13. In the complaint, Defendants to this lawsuit stated that the defendant in the state court lawsuit "is the contracting party" to the credit card account at issue.

2

14. In an affidavit attached to the state court complaint, a representative for Target National Bank said the lawsuit concerned an account in which "Lucinda, Yazzle M" was the debtor and "Salazar, Nazario" is the co-debtor.

15. Plaintiff does not know Nazario Salazar and has never shared an account with him.

16. In this affidavit, the representative for Target National Bank said that she had "reviewed the records of the above listed person and account."

17. The records for the account show that Plaintiff is not the debtor and that a person with a different social security number is the debtor. Alternately, the records for the account that Defendants reviewed in preparation for the filing of the state court complaint did not show the social security number of the person that opened the account so that Defendants did not know the social security number for this person at the time that they filed the state court complaint.

18. On August 17, 2007, Defendants obtained a default judgment in the state court lawsuit.

19. In a "Transcript of Judgment" Defendants prepared and filed with the state court on October 11, 2007, Defendants, for the first time in any pleading, stated that the debtor had a social security number that ends in 5657.

20. The debtor on the Target National Bank credit card account does not have a social security number that ends in 5657. Rather, this person's social security number ends in 7140. Defendants knew or should have known about this social security number discrepancy at the time that they filed the state court lawsuit and at all times subsequent.

21. In April 2008, Defendants obtained a Writ of Garnishment against Noble Energy, Plaintiff's employer. In this Writ of Garnishment, Defendants state that the judgment debtor has a social security number that ends in 5657.

22. Defendants served this Writ of Garnishment on Plaintiff's employer.

23. Plaintiff's employer told Plaintiff about the Writ of Garnishment.

24. Prior to Plaintiff's employer telling Plaintiff about the Writ of Garnishment, Plaintiff had no notice of the state court lawsuit.

25. Through service of the Writ of Garnishment on Plaintiff's employer, Defendants told Plaintiff's co-workers and direct supervisor that Plaintiff had a debt that she did not pay. Plaintiff was greatly embarrassed.

26. Upon learning about the Writ of Garnishment, Plaintiff immediately telephoned Farrell & Seldin at its Albuquerque office. She was told the employee handling the lawsuit was not available.

27. The next day Plaintiff spoke by telephone with Melanie Johnson, the Farrell & Seldin employee (at its Albuquerque office) that had been identified as the employee handling the lawsuit. Upon Mr. Johnson's request, Plaintiff gave Ms. Johnson her address. After Plaintiff gave Ms. Johnson her address, Ms. Johnson told Plaintiff that there was a "discrepancy" concerning the account at issue and directed Plaintiff to call "the Colorado collector" that was handling the matter.

28. Plaintiff telephoned (866) 796-8300, the number that had been given to her by Ms. Johnson.

29. This telephone number is to Farrell & Seldin's main office in Colorado.

30. When Plaintiff telephoned the (866) 796-8300 number, Farrell & Seldin in Colorado had Plaintiff speak with "Ms. Law." Plaintiff explained to Ms. Law that Defendants were trying to garnish the wrong person and that another person by the same name is the correct debtor. Ms. Law demanded that Plaintiff state her social security number.

Plaintiff told Ms. Law that Farrell & Seldin already had it. Ms. Law kept speaking over Plaintiff, telling Plaintiff that she "owed the money" and raising her voice at Plaintiff while doing so. Plaintiff ended the call.

31. At this point in time, Plaintiff was extremely aggravated and frustrated that Defendants refused to listen to her and refused to cease pursuing her for a debt that she did not owe.

32. Plaintiff obtained the pleadings in the state court lawsuit up to that point in time.

33. Because Plaintiff was not the judgment debtor, Plaintiff's employer filed an Answer by Garnishee in which it indicated that it did not employ the judgment debtor.

34. On December 19, 2008, Defendants filed a Release of Garnishment with the state court and sent a copy to Plaintiff's employer.

35. Plaintiff assumed that by filing the Release of Garnishment Defendants had realized and admitted that she was not the person that owed on the account and that, for her purposes, the matter was resolved and she would not be harassed any further.

36. However, on August 13, 2009, Defendants filed a second Application for Writ of Garnishment directed to Plaintiff's employer. In this second Application for Writ of Garnishment, Defendants state that the judgment debtor has Plaintiff's social security number and resides at 310 Cuesta Avenue in Farmington.

37. On September 16, 2009, Defendants served Plaintiff's employer with this pleading as well as with a Writ of Garnishment. Like in the second Application for Writ of Garnishment, in the Writ of Garnishment that Defendants served along with this Application, Defendants state that the judgment debtor has Plaintiff's social security number and resides at 310 Cuesta Avenue in Farmington.

38. Plaintiff's employer informed Plaintiff that Defendants were again trying to garnish her wages.

39. Plaintiff became extremely aggravated and frustrated that Defendants still refused to quit pursuing her for a debt that she did not owe.

40. In a letter dated September 30, 2009, Plaintiff's employer notified Defendants that the second Writ of Garnishment did not concern its employee, that Defendants had released an earlier garnishment against its employee earlier in the same lawsuit and that "this is a case of mistaken identity." Plaintiff's employer enclosed with this letter the original garnishment order and release of the same.

41. Ignoring this letter, in December 2009, Defendants prepared and obtained a judgment on the second Writ of Garnishment against Plaintiff's employee for garnishment of Plaintiff's wages.

42. In a letter dated January 22, 2010, that the state court considered an answer to the second Writ of Garnishment, Plaintiff informed the Court that the "debt was not incurred by me" but by another person of the same name. Plaintiff also informed the Court that the earlier garnishment against her had been released by Defendants. Plaintiff further stated:

    If possible, either this law office, or Target, could review the account and look at the ORIGINAL credit application that was submitted, it would provide them with the correct social security number and the address of the debtor.

43. Despite Plaintiff's requests, Defendants have never produced the credit card application for the account at issue.

44. Upon information and belief, Defendants have never reviewed the credit card application for the account at issue in connection with this lawsuit, not in preparation for the filing of the state court complaint and not at any time since that time.

45. As of the time of the filing of this lawsuit, Defendants have not withdrawn their request for garnishment of Plaintiff's wages with the state court.

46. Farrell & Seldin engage in a pattern and practice of filing lawsuits against consumers without adequate knowledge that it is suing the correct person. *See Garcia v. Midland Credit Management, Inc.*, No. CV-06-10278 (Bernalillo County District Court).

47. Farrell & Seldin engage in a pattern and practice of filing lawsuit against consumers without first reviewing the original account documents to ensure that it is suing someone liable for the debt. *See Garcia v. Midland Credit Management, Inc.*, No. CV-06-10278 (Bernalillo County District Court); *Burton v. Midland Credit Management, Inc.*, No. CV-07-258 (Bernalillo County District Court).

48. Upon information and belief, Target National Bank engages in a pattern and practice of filing lawsuit against consumers without first reviewing the original account documents to ensure that it is suing the correct person.

49. An award of punitive damages is appropriate to deter future similar conduct by the Defendants.

50. As a result of Defendants' actions or inactions, Plaintiff has suffered actual damages, including:

    a. Lost time;

    b. Embarrassment and humiliation; and

    c. Aggravation and frustration.

### First Claim for Relief: Violations of the FDCPA

51. Farrell & Seldin actions violate the FDCPA, including but not limited to 15 U.S.C. §§ 1692e, 1692e(10), 1692e(14), 1692f and 1692f(1).

52. Plaintiff is entitled to recover statutory damages, actual damages and reasonable attorney fees and costs, against Farrell & Seldin.

### Second Claim for Relief: Violations of the New Mexico Unfair Practices Act

53. Defendants' actions constitute unfair or deceptive trade practices within the meaning of the New Mexico Unfair Practices Act ("UPA"), as defined by NMSA 1978 § 57-12-2(D) generally and NMSA 1978 § 57-12-2(D)(14) and (15) specifically.

54. Defendants willfully engaged in these unlawful trade practices.

55. Plaintiff is entitled to recover actual or statutory damages, actual or statutory damages trebled, plus reasonable attorney fees and costs, against both Defendants.

56. Plaintiff is also entitled to declaratory and injunctive relief.

### Third Claim for Relief: Tortious Debt Collection

57. Defendants' actions and inactions constitute unreasonable and tortious debt collection practices in violation of the doctrine enunciated by the New Mexico Supreme Court in *Montgomery Ward v. Larragoite*, 81 N.M. 383, 467 P.2d 399 (1970).

58. Plaintiff is entitled to recover actual and punitive damages in an amount to be determined at trial, against both Defendants.

### Request for Jury

59. Plaintiff requests an eight person jury for all issues triable by jury.

### Request for Relief

Plaintiff requests that this Court:

A. Declare that Plaintiff is not liable for any debt incurred toward the Target National Bank account at issue in the state court lawsuit;

B.    Enjoin Defendants from trying to collect from Plaintiff concerning the Target National Bank account, including but not limited to, attempts to garnish her wages;

C.    Award statutory and actual damages, for violations of the FDCPA, against Farrell & Seldin;

D.    Award statutory or actual damages, trebled, for violations of UPA, against both Defendants;

E.    Award actual and punitive damages, for tortious debt collection, against both Defendants;

F.    Award reasonable attorney fees and costs; and

G.    Award such other relief as the Court deems just and proper.

Respectfully submitted,

FEFERMAN WARREN & TREINEN PA, Attorneys for Plaintiff

_____
ROB TREINEN
300 Central Avenue, SW Suite 2000 West
Albuquerque, New Mexico 87102
(505) 243-7773
(505) 243-6663 (fax)