IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LUCINDA M. YAZZIE,

    Plaintiff,

v.                                                                      No. 10-CV-292 BB/LFG

LAW OFFICES OF FARRELL & SELDIN; and
TARGET NATIONAL BANK,

    Defendant.

## PLAINTIFF'S BRIEF IN SUPPORT OF FRCP 72(a) OBJECTIONS
## TO ORDER CONCERNING APPLICATION OF LOCAL RULE 26.3(d)

### I.    The Magistrate Judge Ordered Plaintiff to Provide Unlimited Access to Her Medical Records for Five Years Despite Plaintiff's Mental or Psychological Condition Not Being at Issue

Following the Rule 16 scheduling conference held on June 22, 2010, the Honorable Lorenzo F. Garcia, in an order dated June 23, 2010, directed Plaintiff Lucinda M. Yazzie to produce "a five-year treatment history identifying healthcare providers who rendered care to the plaintiff for any reason in the five years preceding the date of injury." Docket No. 17, p. 2. Judge Garcia also ordered Plaintiff "to execute the HIPAA complaint medical and psychological release forms." *Id.* Plaintiff objects to this portion of the order as she has not brought any claims that put her physical, mental or psychological condition at issue.

### II.    Plaintiff's Primary Claim Is Under the FDCPA

This lawsuit is about the wrongful actions of a attorney debt collection firm and the creditor that it represents. Defendant Law Offices of Farrell & Seldin, attorney debt collectors, and Defendant Target National Bank, a creditor, persisted in trying to garnish the wages of Plaintiff despite repeated notice that the debt was owed by someone else with the same name but

a different social security number.

For the past two years, Defendants have been trying to collect from Plaintiff on an account that is not her account. This account was opened by someone with the same name but with a different social security number and a different address. Moreover, the other person associated with this account – Nazario Salazar – does not know Plaintiff but is believed to be the (possibly former) boyfriend of the Lucinda Yazzie that opened the account.

Defendants obtained a default judgment on the account through a state court collection lawsuit. *See* Exhibit A, default judgment. In April 2008, Defendants obtained a Writ of Garnishment against Noble Energy, Plaintiff's employer. *See* Exhibit B, writ. In response, Plaintiff telephoned Farrell & Seldin's main office in Colorado and explained to a person that identified herself as "Ms. Law" that Defendants were trying to garnish the wrong person and that another person by the same name is the correct debtor. *See* Exhibit C, notes. "Ms. Law" kept speaking over Plaintiff, telling Plaintiff that she "owed the money" and raising her voice at Plaintiff while doing so. *See id.* Plaintiff's employer filed an Answer by Garnishee in which it indicated that it did not employ the judgment debtor. *See* Exhibit D, answer. In December 2008, Defendants filed a Release of Garnishment with the state court. *See* Exhibit E, release. Plaintiff reasonably assumed that by filing the Release of Garnishment Defendants had realized and admitted that she was not the person that owed on the account and that, for her purposes, the matter was resolved and she would not be harassed any further.

However, in August 2009, Defendants filed a second Application for Writ of Garnishment directed to Plaintiff's employer and served Plaintiff's employer with this Writ. *See* Exhibit F, second writ. In a letter dated September 30, 2009, Plaintiff's employer notified

Defendants that the second Writ of Garnishment did not concern its employee, that Defendants had released an earlier garnishment against its employee earlier in the same lawsuit and that "this is a case of mistaken identity." *See* Exhibit G, letter. Plaintiff's employer enclosed with this letter the original garnishment order and release of the same. *See id.* Ignoring this letter, in December 2009, Defendants prepared and obtained a judgment on the second Writ of Garnishment against Plaintiff's employee for garnishment of Plaintiff's wages. *See* Exhibit H, judgment.

In a letter dated January 22, 2010, that the state court considered an answer to the second Writ of Garnishment, Plaintiff informed the Court that the "debt was not incurred by me" but by another person of the same name. *See* Exhibit I, letter. Plaintiff also informed the Court that the earlier garnishment against her had been released by Defendants. *See id.* Plaintiff further stated:

> If possible, either this law office, or Target, could review the account and look at the ORIGINAL credit application that was submitted, it would provide them with the correct social security number and the address of the debtor.

Nevertheless, Defendants persisted in trying to garnish Plaintiff's wages on a debt that she did not owe. Defendants did not agree to suspend their actions until Plaintiff filed this lawsuit in federal court.

At the Rule 16 scheduling conference, Defendants admitted that they had pursued the wrong person but claimed that their actions were the result of a series of innocent mistakes.

As a result of Defendants' actions, Plaintiff has pled that she suffered actual damages, including lost time, embarrassment and humiliation and aggravation and frustration. *See* Docket No. 1, complaint, ¶ 50. The embarrassment and humiliation damages concerns her employer being served with two garnishment actions. *See id.* at ¶¶ 22-25. The aggravation and frustration

damages concern Defendants' steadfast refusal to leave her alone despite her telephone calls and her employer's pleadings and letters in which it was explained that she is not the debtor. *See id.* at ¶¶ 26-39. Plaintiff's primary claim is under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA").

### III.   Courts Do Not Require Proof of Medical Condition for Recovery of Actual Damages under the FDCPA

In the declaration of purpose for the FDCPA, 15 U.S.C. § 1692, Congress found that, "[t]here is abundant evidence of the use of abusive, deceptive and unfair debt collection practices by many debt collectors." Because it found the existing remedies for redressing these problems were inadequate, Congress enacted the FDCPA, declaring, "[i]t is the purpose of this title to eliminate abusive debt collection practices by debt collectors." *Id.* The Tenth Circuit holds that the FDCPA "should be construed liberally in favor of the consumer." *Johnson v. Riddle*, 305 F.3d 1107, 1117 (10th Cir. 2002), *quoting*, 15 U.S.C. § 1692(e). This Court considers the FDCPA a strict liability statute. *Russey v. Rankin*, 911 F.Supp. 1449, 1455 (D. N.M. 1995) ("FDCPA imposes strict liability on the debt collector").

In the FDCPA, 15 U.S.C. § 1692k(a), Congress specifies that the total damage award is the sum of "any actual damage sustained by such person," plus statutory damages up to $1,000, as well as reasonable attorney fees and costs.

The term "actual damage" is broad. Congress left it up to the courts to define actual damages in accordance with the purpose and structure of the FDCPA. Section 813-2 of the Federal Trade Commission Official Staff Commentary on the FDCPA, 53 F.R. 50097-50110 (December 13, 1988) states:

> The courts have awarded "actual damages" for FDCPA violations that were not just out-of-pocket expenses, but included damages for personal humiliation, embarrassment, mental anguish, or emotional distress.

Actual damages awarded under the FDCPA regularly include awards for damages such as the damages that Plaintiff seeks here. Actual damages awarded pursuant to the FDCPA include not only lost time but also damages for personal humiliation and for mental anguish. *Smith v. Law Office of Mitchell N. Kay*, 124 B.R. 182, 187 (D. Del. 1991). *See also Cannon v. SC & Associates LLC*, No. 1:09-CV-2981, 2009 U.S. Dist. LEXIS 73433 at *4 (N.D. Ill. Aug. 18, 2009) ("As noted by myriad courts ruling on FDCPA claims, emotional distress damages are actual damages deserving of compensation"). These damages can be proven up by the testimony of the plaintiff alone.[1] *See Anderson v. Conwood Company*, 34 F.Supp.2d 650, 655-56 (W.D. Tenn. 1999) (upholding (but reducing to $50,000) actual damages awarded on record "void of any proof of damages beyond plaintiff's testimony of worry, stress, anxiety, loss of sleep and expense in bringing the litigation"). Actual damages for mental anguish can be awarded *without* proving the state law elements of intentional infliction of emotional distress. *Smith*, 124 B.R. at 187. *See also, In re Littles*, 75 B.R. 240, 242 (E.D. Pa. Bankr. 1987), *aff'd, Littles v. Lieberman*, 90 B.R. 700 (E.D. Pa. 1988).

Federal courts do not require the testimony of experts or proof of medical condition to support an award of mental anguish damages in consumer protection lawsuits. Sufficiently

---

[1] Judge Garcia presented Plaintiff with a choice: she could either allow access to five years of medical and psychological records without limitation or withdraw her claims for embarrassment and humiliation and aggravation and frustration damages. Docket No. 17, p. 3. Judge Garcia cites to Plaintiffs' refusal to withdraw her damage claims as justification for ordering her to allow access to her medical and psychological records. *Id.* However, the case law under the FDCPA does not support the imposition of such a choice and, in fact, establishes the opposite proposition: the absence of medical records or testimony from medical professionals is no bar to the recovery of mental anguish damages under the FDCPA.

detailed testimony from the plaintiff or supporting testimony from those who witnessed the plaintiff at the time of the temporary emotional upset has been held to be adequate. *See McKeown v. Sears Roebuck & Co.*, 335 F.Supp.2d 917, 932 (W.D. Wis. 2004) (while it is not enough to prove emotional distress damages for a plaintiff to make conclusory statements, an affidavit from plaintiff's spouse describing changes in spouse suffering such damages is adequate); *Ruffin-Thompkins v. Experian Info. Solutions, Inc.*, 422 F.3d 603 (7th Cir. 2005) (injured party's own testimony is sufficient to support an award of emotional distress damages, if plaintiff does not rely solely on conclusory statements); *Thomas v. GulfCoast Credit Serv., Inc.*, 214 F.Supp.2d 1228 (M.D. Ala. 2002) (testimony from family member may be adequate to support emotional distress damages). Although the above opinions are in the context of another consumer protection statute, the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.* ("FCRA"), a sister statute to the FDCPA, courts regularly import analysis between FCRA lawsuits and FDCPA lawsuits. *See e.g. Weiss v. Regal Collections*, 385 F.3d 337, 341 (3rd Cir. 2004) ("The FDCPA contains no express provision for injunctive or declaratory relief in private actions . . . but permits only the Federal Trade Commission to pursue injunctive or declaratory relief."); *Washington v. CSC Credit Services, Inc.*, 188 F.3d 263, 268-69 (5th Cir. 2000) (same analysis applied to FCRA).

  Here, Plaintiff will prove up her embarrassment and humiliation and aggravation and frustration damages through her own testimony. It is also expected that Plaintiff may offer the testimony of her co-workers. She will not present any medical or psychological records. She will not present testimony from any professionals in these fields. She does not need this evidence to meet her burden of proof. Also, Plaintiff did not seek treatment from any

professionals for any of the damages that she seeks in this lawsuit.

### IV. The Plain Language of Local Rule 26.3(d) Does Not Require Disclosure of Plaintiff's Medical Records

Local Rule 26.3(d) states:

> In all cases in which the physical or mental medical condition of a party is an issue, the party whose condition is an issue must make a good faith effort to produce the following information that the disclosing party may use to support its claims . . .

This rule does not apply to Plaintiff. Here, no medical or psychological condition is at issue. A medical or psychological condition would be one for which a standard diagnostic code exists. The types of temporary emotional upset for which Plaintiff seeks damages – embarrassment and humiliation and aggravation and frustration – are plainly not the types of conditions covered under Rule 26.3(d).[2]

Even if these types of damages could be considered medical conditions, Plaintiff does not intend to present any medical evidence – neither medical documents nor testimony from medical professionals – in support of her claim for embarrassment and humiliation damages and aggravation and frustration damages. The local rule does not require Plaintiff to disclose this medical information because she does not intend to use it to support her claims.

---

[2] In Judge Garcia's order, he states that Rule 26.3(d) requires disclosure of medical history where "a plaintiff makes claims for physical, mental *or emotional* injury." Docket No. 17, p. 2 (emphasis added). This interpretation is at odds with well-established tenets of statutory interpretation that forbid a court from reading words into a statute or a rule. *Hughes Aircraft Company v. Jacobson*, 525 U.S. 432, 438 (1999) ("As in any case of statutory construction, our analysis begins with the "language of the statute." And where the statutory language provides a clear answer, it ends there as well.") (citations omitted); *Estate of Cowart v. Nicklos Drilling Company*, 505 U.S. 469, 475 (1992) (where the language employed is clear, the text controls and no further inquiry is permitted); *Qwest Corporation v. The Public Utilities Commission of the State of Colorado*, 479 F.3d 1184, 1192 ("Our own statutory interpretation begins with the plain language of the Act"). In Rule 26.3(d), this Court nowhere even mentions emotional injuries, but restricts the application of the rule to "physical or mental medical condition[s]." These terms are restrictive and specific and should be accorded the meaning that they typically carry with their regular use.

## V. Federal Courts Do Not Require Plaintiffs to Provide Access to Medical Records Where a Plaintiff Alleges Only "Garden Variety" Mental Anguish Damages

The majority of federal courts have held that when a plaintiff is claiming only "garden variety" mental anguish damages – such as embarrassment and humiliation or aggravation and frustration – a plaintiff's medical and psychological history are not discoverable and should be protected from disclosure. These courts reason that such damages do not rise to the level of placing one's medical or mental health history at issue.[3] *See Weil v. Dillon Companies, Inc.*, 109 P.3d 127, 128 (D. Colo. 2005) (defendant "is not entitled to [plaintiff's] medical records based solely on [plaintiff's] generic, garden variety claims, of pain and suffering and loss of quality of life"); *Stevenson v. Stanley Bostich, Inc.*, 201 F.R.D. 551, 553 (N.D. Ga. 2001) ("majority of courts have held that plaintiffs do not place their mental condition in controversy merely by claiming damages for mental anguish or 'garden variety' emotional distress"); *Ruhlmann v. Ulster County Department of Social Services*, 194 F.R.D. 445, 450 (N.D. N.Y. 2000) ("a party does not put his or her emotional condition in issue by merely seeking incidental, 'garden variety,' emotional distress damages, without more"). The fact that medical or psychological history may prove to be relevant, to show contributing factors relative to the claimed mental anguish damages or for any other reason, is not sufficient to justify the forced production of

---

[3] Judge Garcia reasons that the body of case law dealing with "garden variety" mental anguish damages can be ignored because this analysis is only pertinent to Rule 35 medical exams. Docket No. 17, p. 3. However, this analysis is not restricted to Rule 35 exams. Rather, courts – included Tenth Circuit courts – have employed this analysis in the context that is before this Court in this lawsuit: the forced production of a plaintiff's medical and psychological records. *See e.g. Weil v. Dillon Companies, Inc.*, 109 P.3d 127, 128 (D. Colo. 2005) (reversal of district court's "order that the plaintiff in a personal injury action . . . release all of his medical records").

medical and psychological records.[4] *See EEOC v. Lexus Serramonte*, 237 F.R.D. 220, 224 (N.D. Cal. 2006) ("The test of whether Defendants should obtain access to [plaintiff's] medical records is not relevance – the records may be highly relevant – but the test is whether the privilege has been waived by putting the privileged information 'at issue.'"). The damages that Plaintiff seeks here are clearly within the category of "garden variety" mental anguish damages. *See Jessamy v. Ehren*, 153 F.Supp.2d 398, 401 (S.D. N.Y. 2001) ("Emotional distress damages claims which do not require medical attention have been characterized as 'garden variety.'"). As such, Plaintiff's highly private medical and psychological records should be protected from disclosure.

## VI.  Conclusion

Plaintiff requests that the Court rule that she need not allow unlimited access to five years of her medical or psychological history or execute a HIPAA release pursuant to Local Rule 26.3(d). Plaintiff requests that the Court reverse the portion of Judge Garcia's order that dictates otherwise.

---

[4] Judge Garcia reasoned that "Defendants are entitled to discover for themselves if there are other contributing factors that may account for Yazzie's condition." Docket No. 17, p. 2. This reasoning gives short shrift to the well-recognized privacy interests in a person's medical and psychological records. *Kerns v. Board of Commissioners*, No. 07-CV-771, 2010 U.S. Dist. LEXIS 38110 at *182 (D. N.M. Apr. 12, 2010) ("the Court believes that it was legitimate for [plaintiff] to expect that his medical records would be private"). *See also* J. Glover & E. Toll, *The Right to Privacy of Medical Records*, 79 Denv. U.L. Rev.540, 541 (2202) ("Over the last thirty years, the federal courts have uniformly accepted the principle that medical records are private and entitled to protection."). Moreover, Defendants remain free to question Plaintiff through written discovery or at deposition about her medical and psychological history, subject to Ms. Yazzie's privilege objections. But to require her to immediately provide all confidential medical and psychological records for a five year span is to do much more than to allow inquiry into contributing factors to her temporary emotional upset damages, especially given that her medical or psychological condition is not at issue.

Respectfully submitted,

FEFERMAN WARREN & TREINEN PA, Attorneys for Plaintiff Lucinda M. Yazzie

_____
ROB TREINEN
300 Central Avenue, SW Suite 2000 West
Albuquerque, New Mexico 87102
(505) 243-7773
(505) 243-6663 (fax)


I certify that I served a copy of the foregoing pleading by mailing the same to Darren B. Tallman, attorney for Defendants Law Offices of Farrell & Seldin and Target National Bank, at Farrell & Seldin, P.O. Box 31066, Albuquerque, New Mexico 87190, on July 2, 2010.

_____
ROB TREINEN