IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LUCINDA M. YAZZIE,

                Plaintiff ,

vs.                                                CIVIL NO. 10-292 BB/LFG

LAW OFFICES OF FERRELL
& SELDIN and TARGET
NATIONAL BANK,

                Defendants.

## ORDER DENYING REQUEST FOR TELEPHONIC PARTICIPATION

THIS MATTER is before the Court on Defendants' Request for Telephonic Participation in Settlement Mediation by Insurance Co. Representative [Doc. 30]. As the motion is directed to the Court's management of its own docket, a response is not necessary.

Telephone participation is not permitted in settlement conferences simply because that process is not as effective as face-to-face negotiations. Additionally, given the manner in which settlement conferences are conducted, there are logistic impediments that stand in the way of telephonic participation.

Defendants argue that it would be unreasonable and unwarranted to have a settlement representative travel all the way from New York to New Mexico to attend the settlement mediation. It would be equally unreasonable and unwarranted to have the Court devote time, talent and effort preparing for a settlement conference only to have the case not settle because the settlement representative was not present to interact with opposing counsel or the Court.

The Court maintains control of its own docket and exercise its judgment in weighing competing interests and maintaining an even balance. *See* <u>Bigelow v. Gynecare, Inc.</u>, No. CIV 10-

01117 (D. Colo. July 19, 2010)(unpublished)(every court has inherent power to control its docket). In the Court's experience, unless the parties are physically present, the opportunities to resolve the case are significantly reduced. Accordingly, the request to allow telephonic participation is denied.

The Court hastens to add, however, that skilled attorneys should not need the Court's intervention to resolve disputes. Defendants' representative can avoid coming to New Mexico to settle the case by directly engaging in settlement discussions with opposing counsel in an effort to see if the matter can be resolved without Court intervention. Not only are parties encouraged to do this, but as this district has adopted New Mexico's Creed of Professionalism into our local rules, it is incumbent on parties to attempt to resolve all disputes, including the case itself.

IT IS ORDERED that Defendants' motion is DENIED.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge