IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LUCINDA M. YAZZIE,

                       Plaintiff,

v.                                                      No. 10-CV-292 BB/LFG

LAW OFFICES OF FARRELL & SELDIN; and
TARGET NATIONAL BANK,

                       Defendant.

## PLAINTIFF'S BRIEF IN SUPPORT OF
## MOTION TO COMPEL TARGET NATIONAL BANK

**I.**    **Defendants Persisted in Trying to Wrongfully Garnish the Wages of Plaintiff Despite an Abundance of Notice that She Did Not Owe the Debt**

The facts that underlie this lawsuit are set forth in the brief filed by Plaintiff Lucinda M. Yazzie in connection with her motion to compel Defendant Law Offices of Farrell & Seldin, co-Defendant with Target National Bank. *See* Plaintiff's brief in support of motion to compel Farrell & Seldin, § I. That brief was filed contemporaneously with this brief. Plaintiff refers to that brief and incorporates its contents into this brief.

Target National Bank is liable for the acts of Farrell & Seldin, who acted on its behalf and in its name throughout the relevant time period. Farrell & Seldin acted as Target National Bank's agent. It is long been the law that a principal is liable for the actions of the agent provided the agent does not exceed its conferred authority to act on the principal's behalf. *See Truscon Steel Company v. Cooke*, 98 F.2d 905, 909 (10th Cir. 1938). Target National Bank has advanced no claim, and has produced no evidence, that Farrell & Seldin exceeded its conferred authority.

## II. Target National Bank Provides Evasive and Incomplete Discovery Responses

On June 9, 2010, Plaintiff served her first set of discovery on Target National Bank, with Target National Bank responding on August 6, 2010. *See* Docket Nos. 10 and 29, certificates of service. Target National Bank's responses are deficient under the rules. *See* Exhibit A, discovery responses. Plaintiff attempted to reach resolution concerning the discovery disputes that arose from Target National Bank's evasive and incomplete responses through a letter dated August 13, 2010, in which Plaintiff set forth significant authority concerning her side of the disputes. *See* Exhibit B, letter. Target National Bank refused to supplement any of its responses and did not respond at all to the August 13 letter, other than to produce limited documents on the day before Plaintiff had to file this motion per local rule. *See* D. N.M. LR-Civ. 26.6 (party has 20 days after served with objections to file motion to compel).

## III. Target National Bank Refuses to State the Documents Its Employee Reviewed Before Signing the Affidavit that It Attached to the Complaint in the State Court Debt Collection Lawsuit (Interrogatory No. 7)

In Interrogatory No. 7, Plaintiff asks Target National Bank to describe, preferably by reference to bates numbers, the documents that Tiffany Lewis, its employee, reviewed before signing the affidavit that was attached to the state court complaint. Target National Bank objects to any requirement that it bates stamp its documents[1] but then states that

---

[1] Target National Bank's objection – that it should not be forced to bates stamp – is based on a misunderstanding of Plaintiff's request. Plaintiff asks that a sufficiently certain description of the responsive documents be given in order for her to be able to determine exactly to which documents Target National Bank is referring. Plaintiff believes that reference to bates stamp numbers would be the easiest way to accomplish this task but Target National Bank has chosen to produce documents with no bates stamps. Thus, Plaintiff simply request that Target National Bank provide a sufficiently detailed description of each document to which it refers so that Plaintiff can find the document among the stack of documents that Target National Bank has produced.

2

its standard practice is that the information contained in the Affidavit of Tiffany Lewis, such as the account number, debtors' names, and account balances, are verified to Target's system. Such items as the account names are entered into the system based on the credit application received by Target.

The narrative answer that follows Target National Bank's single objection is evasive. It sounds like Target National Bank might be saying that Ms. Lewis did not review any documents before she signed the affidavit. Or Target National Bank might be saying she reviewed only screens (or possibly only one screen) on Target National Bank's computer. In the August 13 letter, Plaintiff requested that Target National Bank clarify. Target National Bank has ignored this request.

The information requested in Interrogatory No. 7 is important and relevant. All the documents that Target National Bank has produced show identifying information solely for the debtor, with the exception of the name, because the debtor and Plaintiff share the same name.[2] None of the other identifying information for the account holder – address, social security number, etc. – listed on any of Target National Bank's documents correspond to Plaintiff, but rather all this information corresponds solely to the debtor. Only a single social security number is listed and that number is entirely different than Plaintiff's social security number. These truths are reflected in the affidavit that Ms. Lewis signed. The affidavit does not contain any information (other than the name) that would allow Plaintiff to be mistaken for the debtor.

Thus, it is clear that information about which documents Ms. Lewis consulted in preparing the affidavit are relevant to help Plaintiff prove up her claims against Farrell & Seldin, even though at the same time this information tends to be beneficial to Target National Bank's

---

[2] To protect Plaintiff's privacy and the privacy of the debtor, Plaintiff has not attached to this brief any of the account documents, but will make these documents available to the Court upon the Court's request.

position in the lawsuit.[3] The requested information would help Plaintiff prove up her claims against Farrell & Seldin because it would show that the account documents do not reasonably allow for confusing Plaintiff with the debtor. Moreover, this information would tend to show that all Farrell & Seldin had to do to confirm Plaintiff was not the debtor, in response to the numerous instances where Plaintiff or her employer spoke to or wrote Farrell & Seldin, was contact Target National Bank to review the identifying information about the debtor that Target National Bank had readily available in its system. Farrell & Seldin's failure to take this simple common sense step severely undercuts its affirmative defense of bona fide error. *See* Plaintiff's brief in support of motion to compel Farrell & Seldin, § II.

### IV. Target National Bank Refuses to State Whether It Ever Confused Plaintiff for the Debtor (Interrogatories Nos. 9, 10, 11 and 12)

In Interrogatories Nos. 9, 10, 11 and 12, Plaintiff asks Target National Bank to state whether it believed Plaintiff to be the debtor at four separate specific times: (1) when the Lewis affidavit was signed; (2) when the state court complaint was filed; (3) when the first garnishment action against Plaintiff's employer was filed; and (4) when the second garnishment action was filed. In the event that Target National Bank answers affirmatively, with any of the four given times, Plaintiff also asks Target National Bank to state the reasons for its belief. Plaintiff further asks that Target National Bank describe, by reference to specific documents, the documents on which it relied, at that time, as support for its belief.

---

[3] This fact points out the clear conflict that exists between the defense of Target National Bank and the defense of Farrell & Seldin. Nonetheless, both Defendants are represented by a single attorney. Plaintiff has repeatedly raised the conflict issue with Defendants' counsel but Defendants' counsel has not responded to Plaintiff's request that he state his position on the conflict. *See* Exhibit B and C, letters.

4

Target National Bank attempts to dodge these questions. It refuses to state whether it believed Plaintiff to be the debtor on the account for any of the four given times. It argues that these requests are argumentative and vague. It also argues that it should not be required to bates stamp documents, but as explained above, this argument is based on a misunderstanding. *See infra* n.1. Following its objections, Target National Bank goes on to provide a narrative answer, but the narrative answer is evasive. For each of Interrogatories Nos. 9, 10, 11 and 12, Target National Bank refers Plaintiff to the Lewis affidavit and states only that Farrell & Seldin "performs its collection services."

Interrogatories Nos. 9, 10, 11 and 12 are not argumentative or vague. In each of these interrogatories, Plaintiff simply asks for a yes or no answer for a fact that is easily ascertainable – did, at the defined time, Target National Bank believe Plaintiff to be the debtor? It should be noted that Farrell & Seldin did not find nearly identical interrogatories to be argumentative or vague. *See* Plaintiff's brief in support of motion to compel Farrell & Seldin, § V.

Plaintiff believes it very likely that Target National Bank never believed Plaintiff to be the same person as the debtor. Plaintiff believes that Target National Bank's evasive answers to Interrogatories Nos. 9, 10, 11 and 12 are due to the conflict inherent in Target National Bank being represented by the same attorney that is representing Farrell & Seldin, a fact that Plaintiff has repeatedly raised for discussion with Defendants' counsel but which has not yet been addressed. *See infra* n.3. Indeed, assuming Target National Bank never believed Plaintiff to be the debtor, it would entirely consistent with Target National Bank's position in this lawsuit for it to so state. Its evasiveness with its responses to Interrogatories Nos. 9, 10, 11 and 12 can only be explained by the joint representation of it and Farrell & Seldin.

V.  **Target National Bank Refuses to Produce Information or Documents Concerning Its Agreement with Farrell & Seldin and Refuses to Produce Information or Documents Concerning Its Communications with Farrell & Seldin About the Account (Interrogatories Nos. 17 and 18 and Requests for Production Nos. 10 and 11)**

In Interrogatories Nos. 17 and 18, Plaintiff asks for information about agreements and communications between Target National Bank and Farrell & Seldin. With Interrogatory No. 18, Plaintiff expressly limits her request about communications to communications that occurred before the filing of this lawsuit and where the communications were about the state court lawsuit, the account on which that lawsuit was predicated or about Plaintiff. The documents themselves are requested in Requests for Production Nos. 10 and 11. Target National Bank refuses to provide any information or produce any documents in response to these requests. It raises a privilege objection. It also argues that these requests are not relevant and ask for proprietary information. Concerning Interrogatory No. 18, it further objects that this request is vague, over broad and unduly burdensome.

Like with Farrell & Seldin's response to identical requests, *see* Plaintiff's brief in support of motion to compel Farrell & Seldin, § IV, the privilege log that Target National Bank has produced lists only two documents, both of which are entitled "Legal Collection Services Agreement." *See* Exhibit D, privilege log. No communications whatsoever are listed.

In Plaintiff's brief in support of her motion to compel Farrell & Seldin, Plaintiff explained why the communications should be produced due to waiver of privilege or inapplicability of privilege, or, if no communications truly exist, that this fact should be clearly stated by Target National Bank in a supplemental response. *See* Plaintiff's brief in support of motion to compel Farrell & Seldin, § IV. In that brief, Plaintiff also explains that no privilege

6

attaches to the agreement between Target National Bank and Farrell & Seldin, even if Farrell & Seldin acted solely as counsel for Target National Bank. *See id.*

The relevance of the agreement and the requested communications between Defendants is clear. Indeed, in an effort to shield itself from liability, in its discovery responses, Target National Bank repeatedly contends that Farrell & Seldin handled all the collection activities without any input from it. Plaintiff is entitled to test this claim through the rigors of discovery. The agreement and the requested communications are the primary documents by which Plaintiff could test Target National Bank's chief defense. For example, the agreement between Target National Bank and Farrell & Seldin might include language whereby Target National Bank makes "no warranty as to the accuracy and validity of the data," provided to Farrell & Seldin, and that Farrell & Seldin accepts full responsibility "to determine [its] legal and ethical ability to collect these accounts," as is typical in the industry. *See McCollough v. Johnson, Rodenberg & Lauinger*, 610 F.Supp.2d 1247, 1258 (D. Mont. 2009). This sort of disclaimer would bolster Target National Bank's defense.[4] Or the agreement might not contain similar language, undercutting its defense.

Concerning Target National Bank's argument that responses to Interrogatories Nos. 17 and 18 and Requests for Production Nos. 10 and 11 call for disclosure of proprietary information and documents, this objection has been rendered moot by the protective order that the Court has entered in this lawsuit. *See* Docket No. 36.

---

[4] This evidence would, on the other hand, undercut Farrell & Seldin's bona fide error defense, a fact that again raises the conflict issue. *See McCollough*, 610 F.Supp.2d at 1258-59 (language in contract between attorney debt collector and creditor contributes to defeat of attorney debt collector's bona fide error defense).

Target National Bank tacks a few additional boilerplate objections onto its response to Interrogatory No. 18. These overreaching objections are a clear example of why federal courts disfavor boilerplate objections. *See e.g. G. D. v. Monarch Plastic Surgery, P.A.*, 239 F.R.D. 641, 648 (D. Kan. 2007) (overruling discovery objections and noting that the "court looks with disfavor on conclusory or boilerplate objections") (quotation marks and citation omitted). The objections are without merit. Interrogatory No. 18 is not vague. Plaintiff used precise terms that can be readily understood. Nor is Interrogatory No. 18 over broad or unduly burdensome. Plaintiff only seeks information about communications between Defendants that concern a single account, the account at issue, where the communications preceded the filing of this lawsuit. Plaintiff expects these communications to be modest in number, but cannot tell for sure given that Target National Bank has not produced any communications, has not listed any communications in its privilege log and, at the same time, has not stated that there are no communications responsive to Interrogatory No. 18. If responsive communications exist, Target National Bank should have them at its fingertips and collecting these communication documents and information about them would be an easy straightforward task.

## VI. Target National Bank Refuses to Provide Information About Other Similar Claims Made Against It (Interrogatory No. 20)

In Interrogatory No. 20, Plaintiff asks Target National Bank to provide information concerning other similar claims brought against it. Plaintiff limits her request to claims brought in the past 10 years where the claim was based on allegations that the wrong person had been served with a complaint or this wrong person's employer had been served with wage garnishment pleadings. Target National Bank refuses to produce any information. It argues that

the request is not relevant, vague, over broad and unduly burdensome. It also claims that the requested information "may not be calculable or capable of being ascertained."

Information about other similar claims is highly relevant. Proof of pattern and practice provides admissible evidence of willfulness and entitlement to punitive damages. *See* FRE 404(b); *Salmeron v. Highlands Ford Sales, Inc.*, 220 F.R.D. 667, 670 (D. N.M. 2003) (evidence that other consumers had been subject to same conduct alleged in the lawsuit "is highly relevant"); *BMW of North America, Inc.*, 517 U.S. at 574 and 578 ("[p]erhaps the most important indicum of the reasonableness of a punitive damages award is the degree of reprehensibility of the defendant's conduct . . . repeated misconduct is more reprehensible than an individual instance of malfeasance."); *Ex Parte Horton*, 711 So.2d 979, 983-984 (Ala. 1998) ("we believe that the United State Supreme Court's opinion in *BMW of North America, Inc. v. Gore* . . . increased the necessity for a plaintiff . . . seeking punitive damages to seek pretrial discovery of similar alleged acts of misconduct by the defendant").

Plaintiff must prove willfulness under her claim for violations of the Unfair Practices Act, NMSA 1978 §§ 57-12-1 *et seq.* ("UPA"), in order to establish entitlement to treble damages. *See* NMSA 1978 § 57-12-10(B) (treble damages available under UPA where defendant "wilfully engaged" in the unfair trade practice). Plaintiff must show willfulness to prove up her claim for punitive damages under her tortious debt collection claim. *See Coates v. Wal-Mart Stores, Inc.*, 1999 NMSC 13, 47, 127 N.M. 47, 57, 976 P.2d 999, 1009 (N.M. 1999) ("Punitive damages are warranted if the misconduct was malicious, willful, reckless, wanton, fraudulent, or in bad faith."). Plaintiffs seek punitive damages against both Defendants under the UPA and under tortious debt collection. *See* Docket No. 1, complaint, ¶¶ 55, 58. That a claim

for tortious debt collection can be brought where a person with the same name as the debtor is wrongfully pursued for garnishment is well established with this Court. *See Billsie v. Brooksbank*, 525 F.Supp.2d 1290, 1297 (D. N.M. 2007). *See also Ward v. Larragoite*, 81 N.M. 383, 467 P.2d 399 (N.M. 1970) (where creditor seeks payment on debt not owed by person from whom it seeks payment, tortious debt collection claim is proper).

Interrogatory No. 20 is not vague. Plaintiff specifically describes the type of claims on which she seeks information. Plaintiff uses easily understood words in this description.

Nor is this request over broad. Plaintiff narrowly tailored the request to seek only information about claims that mirror her claims: where Target National Bank stands accused of suing the wrong person or trying to garnish the wages of the wrong person.

Concerning Target National Bank's unduly burdensome objection, Target National Bank has not adequately supported the objection – it has provided no information about the number of other lawsuits or claims that would be responsive and it has provided no affidavits or other evidence of any kind about the burden in providing information about such lawsuits and claims – so its objection fails. A party that raises an unduly burdensome objection bears the burden of providing evidence in support of its objection so that the opposing party and the Court can fairly consider the objection.

> A party who objects to discovery as unduly burdensome has the burden to show facts that justify the objection by demonstrating that the time or expense involved in responding to requested discovery is unduly burdensome. This imposes an obligation to provide sufficient detail in terms of time, money and procedure required to produce the requested documents. Discovery should be allowed unless the hardship imposed on the responding party is unreasonable in light of the benefits to be secured from the discovery. In making a decision regarding burdensomeness, a court should balance the burden on the interrogated party against the benefit to the discovering party of having the information.

*Brooke Credit Corporation v. Lobell Insurance Services, L.L.C.*, No. 06-2577, 2007 U.S. Dist. LEXIS 84814 at *4-5 (D. Kan. Nov. 15, 2007). An unsupported assertion that the task carries some burden is not sufficient; the party asserting the objection must prove that the burden is truly *unduly*.

> All discovery requests are a burden on the party who must respond thereto. Unless the task of producing or answering is unusual, undue or extraordinary, the general rule requires the entity answering or producing the documents to bear that burden.

*Creighton Saint Joseph Regional Healthcare, LLC v. Lakeland Engineering Equipment Company*, No. 8:07-CV-113, 2007 U.S. Dist. LEXIS 86752 at *4-5 (D. Neb. Nov. 13, 2007) *quoting Continental Illinois National Bank & Trust Company of Chicago v. Caton*, 136 F.R.D. 682, 684-85 (D. Kan. 1991). Given that the pattern and practice evidence sought in Interrogatory No. 20 is "highly relevant," *Salmeron*, 220 F.R.D. at 670, Target National Bank must show an exceptional burden, which it has utterly failed to do.

Nevertheless, in order to avoid unnecessary discovery disputes, in the August 13 letter, Plaintiff offered Target National Bank a compromise. Plaintiff offered that if Target National Bank would agree to substantively answer Interrogatory No. 20, Plaintiff would agree to further limit this interrogatory. Plaintiff would limit Interrogatory No. 20 to the past five years, rather than the past ten years as stated in the initial request. Target National Bank totally ignored this offered compromise.

Target National Bank's fall back argument concerning Interrogatory No. 20 is its claim that the requested information "*may* not be calculable or capable of being ascertained" (emphasis added). Like with its unduly burdensome objection, Target National Bank has utterly failed to provide any evidence in support of this argument. Indeed, Target National Bank does not even

11

claim that it *is* not capable of retrieving the requested information, only that it *may* not be able to do so. In any event, if Target National Bank is unable to verify that it has provided information about all other similar claims in the last five years, such a situation does not allow it to escape its obligation to answer Interrogatory No. 20. Plaintiff does not ask Target National Bank to go beyond its obligation under the discovery rules, *i.e.*, to perform a reasonable inquiry, before answering Interrogatory No. 20. *See Bergeson v. Dilworth*, No. 87-CV-1579, 1991 U.S. Dist. LEXIS 5067 at *6 (D. Kan. ) ("rule requires no less . . . [than] a reasonable inquiry before" providing an answer to an interrogatory). Plaintiff would not have a problem if Target National Bank's supplemental response contains language that makes specific reference to the nature of its obligations under the rules.[5]

## VII. Target National Bank Refuses to Produce Net Worth Information or Documents (Interrogatory No. 23 and Request for Production No. 14)

In Interrogatory No. 23, Plaintiff asks Target National Bank to state its current net worth and its method of calculating the figure. Plaintiff requests net worth documents in Request for Production No. 14. Target National Bank refuses to provide substantive responses. It objects that its net worth is not relevant. It also argues that net worth information and documents are proprietary and confidential.

Target National Bank's net worth is relevant. Plaintiff will ask the jury to award punitive damages against Target National Bank under her claim for tortious debt collection. *See* Docket No. 1, complaint, ¶ 58.

---

[5] Plaintiff also has no problem with Target National Bank limiting its supplemental answer to the last five years, as was offered.

A majority of state and federal courts permit pretrial discovery of a defendant's net worth where punitive damages are sought. *See Mid Continent Cabinetry, Inc. v. George Koch Sons, Inc.*, 130 F.R.D. 149, 151 (D. Kan. 1990) (collecting cases). The New Mexico federal district court is part of this majority. *See Pedroza v. Lomas Auto Mall, Inc.*, No. 07-591, 2008 U.S. Dist. LEXIS 91733 at 6-7 (D. N.M. Nov. 10, 2008) (pretrial discovery of net worth allowed unless the claim for punitive damages is "spurious"). Plaintiff is entitled to obtain net worth information before trial because "to deny discovery of net worth until plaintiff can make a showing of a prima facie case at trial would only lead to delay and confusion, while plaintiff reviews the information for the first time." *Mid Continent Cabinetry, Inc.* at 152.

Plaintiff's tortious debt collection claim against Target National Bank is not spurious. *See Pedroza, supra.* In the name of Target National Bank, Farrell & Seldin twice tried to garnish the wages of Plaintiff, who is not the debtor. Plaintiff and Plaintiff's employer repeatedly tried to explain that she was not the debtor, but to no avail. Although Target National Bank agreed to the release of the first garnishment order entered against Plaintiff's employer, in response to complaints from Plaintiff and her employer, Target National Bank then pursued a second garnishment action against Plaintiff's employer. Plaintiff's employer protested in writing, but Target National Bank ignored these protests and, in December 2009, Farrell & Seldin prepared and obtained a judgment, in the name of Target National Bank, on the second garnishment action for garnishment of Plaintiff's wages. Defendants only ceased their efforts to garnish Plaintiff's wages after this lawsuit was filed.

A jury could reasonably conclude that Target National Bank acted willfully, recklessly or in bad faith. *See Coates,* 1999 NMSC at 47, 127 N.M. at 57, 976 P.2d at 1009 (N.M. 1999)

("Punitive damages are warranted if the misconduct was malicious, willful, reckless, wanton, fraudulent, or in bad faith."). *See also Billsie*, 525 F.Supp.2d at 1297 (where attorney debt collector changed social security number of debtor to social security number of person with same name of debtor in order to garnish wages of person that did owe debt "in combination with Plaintiff's assertions that she repeatedly contacted Defendant [attorney debt collector], could lead a jury to conclude that [attorney debt collector] knowingly and intentionally garnished wages from the wrong individual"); *McCollough v. Johnson, Rodenberg & Lauinger*, No. 07-CV-166, 2009 U.S. Dist. LEXIS 69881 at *42-45 (D. Mont. July 27, 2009) (upholding jury award of $60,000 in punitive damages where attorney debt collector persisted in state court collection litigation after notice that collection claim had no merit).

Although Target National Bank takes the position that Farrell & Seldin operated independently of it with the debt collection activities undertaken in its name, Target National Bank has not come forward with any evidence in support of this allegation. In fact, Target National Bank has refused to produce the documents that would confirm or refute its claim as to the independent nature of Farrell & Seldin's actions in its name – *see* Target National Bank's responses to Interrogatories Nos. 17 and 18 and Requests for Production Nos. 10 and 11 – putting into question whether it will have this defense available to it at trial.

> [A] litigant cannot use the work product doctrine as both a sword and a shield by selectively using the privileged documents to prove a point but then invoking the privilege to prevent an opponent from challenging an assertion.

*Frontier Refining Inc. v. Gorman-Rupp Company, Inc.*, 136 F.3d 695, 704 (10th Cir. 1998). *See also Marathon Oil Company*, 71 F.3d 1547, 1552 (10th Cir. 1995) ("attorney-client communications cannot be used both as a sword and a shield"); *Motley v. Kansas Food Packers*

*v. Corpak*, No. 99-1418, 2000 U.S. Dist. LEXIS 19813 at *7 (D. Kan. Oct. 12, 2000) ("litigant may not use the attorney client privilege as both a sword and a shield, disclosing only those communications which are beneficial to the litigant's defense").

Concerning Target National Bank's argument that its net worth information and documents are proprietary, this argument does not justify the withholding of the information and documents. Rather, the documents could be produced pursuant to the protective order that the Court has already entered in this lawsuit. *See* Docket No. 36.

## VIII. Conclusion

Plaintiff requests that the Court order:

1. Target National Bank shall provide full and complete supplemental responses to Interrogatories Nos. 7, 9, 10, 11, 12, 17, 18, 20 and 23, within 10 calendar days of the order.

2. Target National Bank shall produce all documents responsive to Requests for Production Nos. 10, 11 and 14, within 10 calendar days of the order.

Respectfully submitted:

FEFERMAN WARREN & TREINEN PA, Attorneys for Plaintiff

_____
ROB TREINEN
300 Central Ave. SW, Suite 2000 West
Albuquerque, New Mexico 87102
(505) 243-7773
(505) 243-6663 (fax)

I certify that I served a copy of the foregoing pleading by mailing the same to Jack Brant, attorney for Defendants Law Offices of Farrell & Seldin and Target National Bank, at Law Office of Jack Brant PC, 22 Tulane Dr SE, Albuquerque, New Mexico 87106-1414, on August 26, 2010.

_____
ROB TREINEN