IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LUCINDA M. YAZZIE,

        Plaintiff,

  vs.                                                                       No. CIV 10-292 BB/LFG

LAW OFFICES OF FERRELL & SELDIN,
and TARGET NATIONAL BANK,

        Defendants.

## *SUA SPONTE* ORDER DIRECTING COMPLIANCE[1]

THIS MATTER is before the Court following a FED. R. CIV. P. 16 conference. The Court was apprised that Plaintiff, Lucinda M. Yazzie ("Yazzie"), has not provided the information required by District of New Mexico Local Rule 26.3(d) and the Court's explicit order directing compliance [Discovery and Scheduling Order, Doc. 17].

While Yazzie filed Objections [Doc. 19] to the Court's production order, Yazzie neither sought nor obtained a stay of the Court's order. Thus, she has not complied with the Court's order of production, and this is particularly problematic as discovery ends in this case on September 19, 2010.

### **Background**

Yazzie filed suit against Defendants, alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* She also seeks damages for violations of the New Mexico Unfair Practices Act, N.M.S.A.(1978) § 57-12-1 *et seq.* and for tortious debt collection. [Joint Status Report, Doc. 12]. As part of her request for relief for actual damages, Plaintiff seeks damages from Defendants for emotional injury to include embarrassment, humiliation, aggravation and frustration. [Id., p. 3].

---

[1] This Order is filed to clarify an issue which arose at the Rule 16 settlement conference held on September 1, 2010. It does not constitute a ruling on Planitiff's Objections [Doc. 19] to the Magistrate Judge's Scheduling Order. Those Objections remain pending before the trial judge.

At the Rule 16 scheduling conference, when the Court inquired whether Plaintiff complied with the mandatory disclosure requirements under District of New Mexico Local Rule 26.3(d)(3), counsel advised that Yazzie had not complied. When apprised that Plaintiff would, indeed, be seeking damages for mental or emotional injury, the Court directed compliance with the local rule. [Doc. 17]. Yazzie contended that she sought only "garden variety" damages for aggravation, frustration, humiliation and embarrassment and should not have to disclose her health care providers or treatment history. Plaintiff's argument is unavailing.

The "garden variety" damage issue arises only if a Defendant seeks to take an intrusive FED. R. CIV. P. 35 physical, mental or psychological evaluation of a party. Thiessen v. Gen. Elec. Capital Corp., 178 F.R.D. 568 (D.Kan. 1998). This is so because a party does not place a condition "at issue" when damages sought are only for "generalized insult, hurt feelings and lingering resentment." Id., at 569. But, that is not the case here. Yazzie seeks substantial damages and the bulk of her damage claim is for emotional injury. It is beyond dispute that her mental or emotional condition is at issue. She also asserts physical manifestations of the emotional injury, including weight gain and allegations that Defendants' conduct resulted in her consuming alcohol in excess of her normal alcohol consumption history. [Yazzie deposition, Aug. 31, 2010].

Yazzie attributes the entirety of her emotional harm claim to Defendants' conduct, and contended in her deposition that any aggravation resulting from on-going debt problems occasioned by the true debtor, Lucinda M. Yazzie, or any emotional upset, frustration, anger or embarrassment occasioned by other debt collection activities by other attorneys, does not figure into her present damage claim, as those matters were quickly resolved.

Defendants are not required to accept Yazzie's statements that there are no other life stressors or that her present physical or emotional condition is proximately caused by Defendants' actions. Indeed, medical reports often contain statements by patients to their own health care

2

providers attributing present complaints to other events occurring in their lives.[2]

### Does Filing of Objections to a Magistrate Judge's Discovery Order Stay the Order?

FED. R. CIV. P. 72(a) is silent on whether a party's duty to comply with a Magistrate Judge's order is automatically stayed pending final review by the District Court of that party's objections. However, "[a]llowing the automatic stay of Magistrate Judges' orders would not only encourage the filing of frivolous appeals, but would grind the Magistrate system to a halt." Litton Indus. Inc. v. Lehman Bros. Kuhn Loeb, Inc., 124 F.R.D. 75-79 (S.D.N.Y.), *appeal dismissed*, 125 F.R.D. 51 (S.D.N.Y. 1989). *See also*, 14 James Wm. Moore, et al., Moore's Federal Practice, ¶ 72.10[4](3d ed. 2010). For this reason, district courts disfavor any assumption by litigants that a Magistrate Judge's discovery order is automatically stayed by the filing of an objection.

A party who files objections to the Magistrate Judge's order may, concurrently with the objection, file a motion to stay the effect of the discovery order. Yazzie, however, did not do this. Yazzie has not sought to stay the Court's discovery order nor has the Court on his own issued any stay. Discovery in this case closes on September 19, 2010. Yet, Yazzie's objections to the Court's order to produce has resulted in Defendant being denied access to critical information necessary for the preparation of its defenses.

A party is free to proceed with review of a Magistrate Judge's order, but the party is not free to ignore the order.

---

[2]An example of this occurred in Madrid v. Los Alamos National Laboratory, unpublished decision, First Judicial District Court. Madrid filed an employment discrimination case alleging *quid pro quo* sexual harassment. As a result of the harassment, she contended that she suffered a diagnosable illness, anxiety disorder and clinical depression, which she attributed to her supervisor's alleged misconduct.

Statements by Madrid to her physician, contained in the treating physician's records, also reported a number of other life stressors including a philandering husband who was keeping a mistress; the husband's raid on the couple's savings, retirement plan and IRAs to maintain a mistress; a son in pretrial detention awaiting trial on drug distribution charges; an underage, unmarried daughter who was pregnant; and, due to the depletion of family income as a result of a pending divorce, financial pressures and threats of foreclosure.

It was proper for the defendant to explore and determine whether any of these other life stressors caused or contributed to the cause of Ms. Madrid's current anxiety disorder and depression.

## **Order**

IT IS THEREFORE ORDERED that Ms. Yazzie fully comply with the Court's scheduling order and provide Defendants with a five-year treatment history identifying each and every health care provider which Ms. Yazzie has seen in the five years preceding the incident which gave rise to this lawsuit; that she provide the name, address and telephone numbers of these health care providers; and, that she execute the HIPAA-compliant physical and psychological record release forms which are part of the Court's local rules. The information requested is directed to be produced to Defendants within eight calendar days.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge