IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LUCINDA M. YAZZIE,

        Plaintiff ,

vs.                                    CIVIL NO. 10-292 BB/LFG

LAW OFFICES OF FERRELL
& SELDIN and TARGET
NATIONAL BANK,

        Defendants.

## ORDER DENYING MOTION FOR RECONSIDERATION AND FOR STAY

THIS MATTER is before the Court on Plaintiff's Motion for Reconsideration of Order Dated September 2, 2010, Concerning Medical Records and To Stay Order Dated June 23, 2010, Pending Resolution of Rule 72(a) Objections [Doc. 47].

Plaintiff Lucinda M. Yazzie ("Yazzie") asks that the Court's order directing compliance with D.N.M.LR-Civ. 26(d)(3) should be reconsidered and its effect be stayed. For the reasons stated, the Court denies both requests.

Yazzie correctly states that the close of discovery is November 19, 2010. Thus, discovery closes in a little more than 60 days. Even if the trial court were able to rule on the pending objections within the next two weeks, that would allow approximately seven weeks for Yazzie to comply with the Court's order to produce her five-year treatment history and execute the appropriate HIPPA-compliant medical releases. If this was done within 10 days of the Court's ruling, assuming an affirmance, Defendants would then have only about 45 days to obtain the documents and issue subpoenas, if necessary, to healthcare providers.

Any attorney who has attempted to get medical records from healthcare providers knows that the task generally takes 60 days or more. Thus, granting the stay virtually guarantees that Defendants will be denied access to information relevant to the claims and defenses during the discovery period.

The federal procedural rules, including the district's own local rules, are premised in part on the understanding that each party is entitled to very basic information necessary to prepare for trial. This information is to be provided as part of mandatory initial disclosures even without awaiting a discovery request.

Under Fed. R. Civ. P. 26, a plaintiff must provide the names of witnesses who have relevant information and on whose testimony the plaintiff will rely in the prosecution of the claims. Those witnesses are to be identified by name, address and telephone number. Secondly, a plaintiff must identify the documents the plaintiff will utilize in the prosecution of the case. Third, a plaintiff must provide a damage calculation, either identifying the component parts of any demand made or, alternatively, identify the categories of damages being sought. Finally, pursuant to the district's local, if physical, mental or emotional damages are being sought, plaintiff has the burden of identifying all healthcare providers who he/she has seen in the preceding five years, identifying them by name, address and telephone number, and, finally, executing HIPPA-compliant release forms. Fed. R. Civ. P. 26(a); D.N.M.LR-Civ. 26.3.

A defendant has similar automatic disclosure obligations, including identification of witnesses, including name, address and telephone number; identification of documents that will be used in the prosecution of the defense; and disclosure of whether a policy of insurance is available to cover the claims asserted by the plaintiff. Id.

All of this is basic information needed early on in the course of litigation to enable the parties to adequately engage in discovery, evaluate a case for settlement, or if the case can't be settled, to be prepared to meet the proofs at the time of trial. Because this is basic information needed in every case, disclosure is to be automatic.

In this case, Yazzie's obstinance in refusing to comply with the district's local rules, with this Court's prior oral order, and, now, most recently, with the Court's written directive, places Defendants in a difficult situation. The problem is apparent. The discovery clock is running, and Yazzie's refusal to produce information essential to evaluate the case for settlement or to prepare for trial is being withheld. Even if the trial court affirms the undersigned Magistrate Judge's earlier order, precious little time is available to complete discovery. Thus, a party's failure to comply with rules and directives of the court until it is too late for the opposing party to obtain the information or utilize it in case preparation could well be the result.

Notwithstanding the fact that the Court stated in its September 2, 2010 Order that discovery closes in September and the actual close of discovery is in November, the error does not alter the Court's analysis. The material should have been turned over as part of the initial disclosures early on in this case, and they most certainly should have been disclosed later when the Court directed compliance and no stay was sought.

In addition, the Court declines Plaintiff's belated request to stay the June 23 order. No persuasive reason has been given for a stay. As the Magistrate Judge held in <u>Tolliver v. True</u>, No. 06-CV-0257, 2007 WL 1306459, at *3 (D. Colo. May 3, 2007), "the . . . principal reason for seeking a stay is general disagreement with my initial [discovery] order. That is not a basis for the issuance of a stay."

Accordingly, the Court directs compliance forthwith. Failure to comply with the Court's order can result in imposition of sanctions. *See* Ehrenhaus v. Reynolds, 965 F.2d 916, 920 (10th Cir. 1992), including dismissal of Yazzie's case with prejudice.

IT IS ORDERED that Yazzie's motion to reconsider the Court's September 2, 2010 order is DENIED; and Yazzie's motion to stay the Court's June 23, 2010 order that deals with her medical history is likewise DENIED.

*/s/ Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge