IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LUCINDA M. YAZZIE,

                                                                  Plaintiff,

v.                                                                                      No. 10-CV-292 BB/LFG

LAW OFFICES OF FARRELL & SELDIN; and
TARGET NATIONAL BANK,

                                                                  Defendant.

**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF
MOTION TO COMPEL TARGET NATIONAL BANK**

**I.    Target National Bank Should State Its Belief as to Whether Plaintiff Is the Debtor in an Admissible Form (Interrogatory No. 9)**

Defendant Target National Bank broadly argues that it should not even be part of this lawsuit because although all the actions that lead to liability were taken in its name, including the two wrongful garnishments against Plaintiff Lucinda M. Yazzie, it had no role in these actions other than hiring Defendant Law Offices of Farrell & Seldin to collect a debt account for it. Target National Bank argues that the only participation it had with Farrell & Seldin's activities were providing identifying information for the account holder and an affidavit concerning the account, which Farrell & Seldin attached to the complaint in the state court debt collection lawsuit. Docket No. 45, pp. 1-2. Target National Bank correctly points out that the identifying information and the affidavit that it provided to Farrell & Seldin do not contain information that would allow the debtor to be confused with Plaintiff.

> No one is contending that TNB provided F&S with incorrect information. No one is contending that TNB provided F&S with information concerning the plaintiff in this lawsuit, instead of information about the actual debtor. It is perfectly clear

>   from defendants' discovery responses and the record in this case that F&S
>   misidentified the plaintiff as the debtor as a result of an internet locator search
>   that was performed by F&S some time later, without any involvement by TNB,
>   long after TNB had engaged F&S to collect this debt.

*Id.* at 2-3.

Given this position, it is hard to understand why Target National Bank would see it in its own best interest to refuse to provide a substantive response to Interrogatory No. 9. In this interrogatory, Plaintiff asks a very simple question: did Target National Bank believe Plaintiff to be the debtor when it prepared the affidavit? Yet, despite the fact that its assumed answer – no, it never believed Plaintiff to be the debtor – would clearly support its argument for why it should not even be in this lawsuit, Target National Bank refuses to state in response to Interrogatory No. 9 whether it believed Plaintiff to be the debtor.

No valid reason exists for this refusal. Target National Bank argues that it did not have involvement in the garnishments, so it did not have a view at that time as to whether Plaintiff was the debtor. Fair enough. But, at the time of the affidavit, it was involved. As it readily admits, it prepared the affidavit based on the information in its system. *Id.* at pp. 1-2. It should be able to answer Interrogatory No. 9.

Target National Bank's dogged refusal to answer Interrogatory No. 9 points out the clear conflict that exists between the defense of Target National Bank and the defense of Farrell & Seldin. Nonetheless, both Defendants continue to be represented by a single attorney. Plaintiff has repeatedly raised the conflict issue with Defendants' counsel but Defendants' counsel has not responded to Plaintiff's request that he state his position on the conflict. *See* Docket No. 40, Exhibit B and C, letters. Plaintiff believes that this conflict issue has now come to a head and should be addressed.

2

Prior to the filing of this brief, Plaintiff requested that Target National Bank provide a supplemental response – yes or no – to Interrogatory No. 9. *See* Exhibit A, letter. As Plaintiff explained, if Target National Bank does so, it will establish in an admissible form what Target National Bank has, for the first time, suggested in its response brief: it had no reason, based on its own documents, to believe Plaintiff to be the debtor. *Id.* Plaintiff offered that if Target National Bank confirms in a verified supplemental response to Interrogatory No. 9 that it did not believe Plaintiff to be the debtor, then Plaintiff would no longer request that the Court direct Target National Bank to answer Interrogatories Nos. 7, 10, 11, 12, 20 and 23 or Request for Production No. 14, as answers to these requests would not be needed if Target National Bank answered Interrogatory No. 9 in the way it has clearly indicated it is inclined.

Target National Bank has refused to respond to this offer. Thus, Plaintiff respectfully requests that the Court order Target National Bank to obtain its own counsel within 30 days unless it provides the Court with verified evidence that both Defendants have been informed in writing of the specific potential for conflict between their defenses and have agreed, in writing, to proceed with joint representation despite a full understanding of this potential conflict. In the event Target National Bank elects to obtain its own counsel, Plaintiff requests that Target National Bank be given an additional ten days from the entry of appearance to provide a supplemental response to Interrogatory No. 9 and thus accept Plaintiff's compromise. In the event that Target National Bank elects to remain with its current counsel after providing the Court with evidence that it made this decision after being informed of the potential conflict, then it presumably still refuses to answer Interrogatory No. 9 and should be required to answer this interrogatory as well as all other discovery requests at issue in Plaintiff's motion to compel.

II. **Plaintiff Will Withdraw His Request for Supplemental Responses to Most of the Other Discovery Requests in Dispute If Target National Bank Would Answer Interrogatory No. 9 (Interrogatories Nos. 7, 10, 11, 12, 20 and 23 and Request for Production No. 14)**

As explained above, if Target National Bank would give the simple one word answer that would answer Interrogatory No. 9, it would render answers to most of the remaining discovery requests unnecessary. The flip side is that if it continues to refuse to answer Interrogatory No. 9, these other discovery requests remain relevant and necessary for Plaintiff.

III. **Target National Bank Should Provide a Supplemental Response to Interrogatory No. 18 and Request for Production No. 11 to Confirm that No Responsive Communications Exist and Should Produce Its Agreements with Farrell & Seldin (Interrogatories Nos. 17 and 18 and Requests for Production Nos. 10 and 11)**

Target National Bank has failed to list any communications between Farrell & Seldin and itself on its privilege log, thus suggesting that Farrell & Seldin never checked with Target National Bank after Plaintiff and her employer repeatedly disputed that Plaintiff was the debtor. *See* Docket No. 40, Exhibit D, privilege log. Moreover, the existence of any communications would directly contradict the argument that Target National Bank presents in its response brief. Target National Bank should be able to answer Interrogatory No. 18 – in which Plaintiff asks for information about relevant communications between Target National Bank and Farrell & Seldin – and Request for Production No. 11 – in which Plaintiff asks for production of these communications – simply by stating that no such communications exist. Its failure to do so, instead leaving intact its privilege objections and never stating, one way or another, whether responsive communications exist, is unexplained, but is certainly consistent with the conflict between its defense and Farrell & Seldin's defense. Plaintiff requests that the Court order Target National Bank to provide supplemental responses to Interrogatory No. 18 and Request for

4

Production No. 11 and, if no responsive document truly exist, simply state that fact in writing under the strictures of Rule 33 and 34.

Thus, just as the privilege issue played out with the same discovery requests that Plaintiff posed to Farrell & Seldin, the only two documents really at issue are akin to retainer agreements, both of which are entitled "Legal Collection Services Agreement." *Id.* For the same reasons given by Plaintiff in her reply brief in support of the motion to compel Farrell & Seldin, these documents should be produced. *See* Docket No. 52, pp. 6-7.

### IV.   Conclusion

Plaintiff requests that the Court order:

1. Target National Bank shall obtain its own counsel within 30 days unless it provides the Court with verified evidence that both Defendants have been informed in writing of the specific potential for conflict between their defenses and have agreed, in writing, to proceed with joint representation despite a full understanding of this potential conflict.

2. In the event Target National Bank elects to obtain its own counsel, Target National Bank shall have an additional ten days from the entry of appearance to provide a supplemental response to Interrogatory No. 9 and thus accept Plaintiff's compromise as set forth in Plaintiff's reply brief.

3. In the event that Target National Bank elects to remain with its current counsel after providing the Court with evidence that it made this decision after being informed of the potential conflict, Target National Bank shall provide full and complete supplemental responses to Interrogatories Nos. 7, 9, 10, 11, 12, 17, 18, 20 and 23 and Requests for Production Nos. 10, 11 and 14, within 10 calendar days of so informing the Court.

4. In any event, Target National Bank shall provide full and complete supplemental responses to Interrogatories Nos. 17 and 18 and Requests for Production Nos. 10 and 11, including production of the two agreements listed in its privilege log, within 10 calendar days of the order.

Respectfully submitted:

TREINEN LAW OFFICE, Attorneys for Plaintiff

_____
ROB TREINEN
500 Tijeras
Albuquerque, New Mexico 87102
(505) 247-1980
(505) 843-7129 (fax)

I certify that I served a copy of the foregoing pleading by mailing the same to Jack Brant, attorney for Defendants Law Offices of Farrell & Seldin and Target National Bank, at Law Office of Jack Brant PC, 22 Tulane Dr SE, Albuquerque, New Mexico 87106-1414, on September 30, 2010.

_____
ROB TREINEN