IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LUCINDA M. YAZZIE,

        Plaintiff ,

vs.                                                      CIVIL NO. 10-292 BB/LFG

LAW OFFICES OF FARRELL
& SELDIN and TARGET
NATIONAL BANK,

        Defendants.

**ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION TO COMPEL FARRELL & SELDIN**

THIS MATTER is before the Court on Plaintiff Lucinda M. Yazzie's ("Yazzie") Motion to Compel Law Offices of Farrell & Seldin to provide additional discovery [Doc. 37].

Yazzie seeks to have Defendant Law Offices of Farrell & Seldin ("Farrell & Seldin") either answer or supplement Interrogatory Nos. 5, 9, 10, 11, 12, 18, 19 and 24. Yazzie also seeks production of documents responsive to Request for Production Nos. 11, 12, 16, 17 and 18. The Court considered the motion, response [44] and reply [52]. Oral argument is not necessary.

**Proportionality**

All discovery is subject to the cost-benefit proportionality factors set out in Fed. R. Civ. P. 26(b)(2)(C) and 26(g)(1)(B)(iii). The Court is required to limit discovery if it determines that the information sought is unreasonably cumulative, duplicative or can be obtained from other sources that are more convenient, less burdensome or less expensive. The Court may also limit the proposed discovery if the burden or expense of production outweighs its likely benefit, considering the needs of the case, the amount in controversy, and the importance of the issue at stake. Indeed, it is the

Court's primary obligation to balance one party's right of discovery with the opposing party's right to be free from intrusive and burdensome requests.

The Court looks at the following factors in striking the appropriate balance: (1) the requester's need for the information; (2) the relevance of the requested information to the litigation; (3) the burden of producing the sought-after material; and (4) the harm or difficulty which would be caused to a party seeking to protect information. The Court may deny the request altogether, limit the conditions, time, place or topics of discovery, or limit the manner in which the material will be disclosed. Koch v. Koch Indus., Inc., 203 F.3d 1202, 1238 (10th Cir. 2000); Burka v. U.S. Dep't of HHS, 87 F.3d 508, 517 (D.C. Cir. 1996).

In addition to the aforementioned considerations, the Court is also mindful of the congressional admonition from the Civil Justice Reform Act ("CJRA"), 28 U.S.C. §§ 471 *et seq.* It was, after all, abusive, unchecked discovery practices that significantly increased the costs of litigation, congested court dockets, and contributed to delays of the final disposition of litigation that prompted the adoption of the CJRA. Thus, a court is required to view discovery requests with a critical eye.

## Interrogatories

In Interrogatory No. 5, Yazzie seeks multiple pieces of information.

> State the full name, social security number, date of birth and all addresses since January 1, 2007, for the debtor for the account on which the Lawsuit was predicated. For each such piece of data:
> a.  state the date that this information was first learned of or determined;
> b.  state the source from which this information was first learned of or determined;
> c.  identify each person involved in first learning of or determining this information, describe each person's role, state that person's job title and employer and, if

      the person is employed or was employed at the time
      by Farrell & Seldin, identify that person's immediate
      supervisor; and
  d. describe the documents and the location of each
      document that show how this information was first
      learned of or determined.

  Farrell & Seldin did not object, and responded to Interrogatory No. 5 by simply referring Yazzie to its earlier response to Interrogatory No. 2. In some cases, it is appropriate to avoid repetition by referring to prior answers. *See* <u>Pilling v. Gen. Motors Corp.</u>, 45 F.R.D. 366, 369 (D. Utah 1968). However, the answer to Interrogatory No. 2 does not answer all of the questions raised in Interrogatory No. 5.

  Specifically, Yazzie requested the full name, social security number, date of birth and all addresses since January 1, 2007 for the debtor for the account on which the lawsuit was predicated. That information is not contained in the earlier answer to Interrogatory No. 2. However, the rest of the information sought by Yazzie can be gleaned from Farrell & Seldin's earlier response.

  Accordingly, the Court grants in part and denies in part Yazzie's request to compel a further response. The Court will require Farrell & Seldin to answer the first portion of Interrogatory No. 5 requiring identification information, date of birth and addresses for the debtor. The Court denies the remainder of Yazzie's motion as to Interrogatory No. 5.

  In <u>Interrogatory No. 9</u>, Yazzie asks Farrell & Seldin whether they believed that Ms. Yazzie was the debtor for the account on which the lawsuit was predicated at the time that Tiffany Lewis signed the affidavit. If so, Yazzie asks that Farrell & Seldin state the reasons for this belief and describe all documents in their possession at the time which supported that belief.

  Farrell & Seldin responded that, yes, it did believe that Yazzie was the debtor. They did not explain the reasons for its belief, and, instead, simply referred Yazzie to all non-privileged

responsive documents. This is improper. While a party may incorporate by reference prior answers to interrogatories to avoid duplication, it may not do so by referring to documents outside the answers. "Material outside the answers and their addendum ordinarily should not be incorporated by reference." Pilling v. Gen. Motors Corp., *supra*, at 369.

Accordingly, the Court grants in part and denies in part Yazzie's motion as to Interrogatory No. 9. It will require Farrell & Seldin to explain the reasons for their belief that Yazzie was the debtor at the time Tiffany Lewis signed the affidavit, and to describe documents in its possession at the time supporting that belief.

In Interrogatory No. 10, Yazzie asks Farrell & Seldin if they believed Yazzie was the debtor for the account on which the lawsuit was predicated at the time of the filing of the Complaint. Farrell & Seldin again responded, yes, and referred Yazzie to "[a]ll non-privileged responsive documents." As noted above in the discussion of Interrogatory No. 9, this is improper. Farrell & Seldin are directed to explain the reasons for their belief that Yazzie was the debtor at the time of filing of the Complaint and to describe documents supporting that belief.

Interrogatory No. 11, is similar to Interrogatory Nos. 9 and 10 above, requiring Farrell & Seldin to state whether they believed Yazzie to be the debtor at the time it filed the first Writ of Garnishment and to describe all documents in its possession at the time. As in Interrogatory Nos. 9 and 10, Farrell & Seldin answered in the affirmative, but failed to explain their belief. As above, they simply referred Yazzie to non-privileged documents, and this was improper.

Farrell & Seldin shall supplement its response to Interrogatory No. 11 by explaining why it believed Yazzie to be the debtor at the time of filing the first Writ of Garnishment and to describe documents in its possession supporting that belief.

Interrogatory No. 12 is similar to Interrogatory No. 11, except Yazzie requests information on whether Farrell & Seldin believed her to be the debtor at the time of filing the second Writ of Garnishment and, if so, to describe documents in their possession at the time.  As before, they partially answered this interrogatory by stating, yes, they did believe she was the debtor, but failed to explain the reasons for this belief and to describe the documents in their possession at the time.

The Court grants in part and denies in part the motion to compel as to Interrogatory No. 12. It grants the motion to the extent Farrell & Seldin must explain the reasons for their belief that Yazzie was the debtor on the account at the time of filing the second Writ of Garnishment and describe documents in its possession which support that belief.

In Interrogatory No. 18, Yazzie asks Farrell & Seldin to describe its relationship with Target National Bank, generally, and specifically regarding the account, and to describe documents and location of documents that define the relationship.  Farrell & Seldin adequately answered the interrogatory by indicating that it maintains an attorney-client relationship, and it objected to production of attorney-client privileged communications.

The Court sustains Farrell & Seldin's objections as noted above, balancing one party's right of discovery with the opposing party's right to be free from intrusive and burdensome requests, the Court considers the requestor's need for the information; the relevance of the requested information to the litigation; the burden of producing the sought-after material; and the harm or difficulty which would be caused to either party seeking to obtain or to protect the requested information.  Burke v. U.S. Dep't of HHS, *supra*, at 517.

It is beyond dispute that the relationship is one of attorney/client.  In this case, the Court determines that there is minimal value in having the documents that describe all relations between Farrell & Seldin and Target.  The minimal relevancy does not outweigh the burdens in producing

all of this information. Accordingly, the Court sustains the objections and does not require a further response to Interrogatory No. 18.

In Interrogatory No. 19, Yazzie requested specific information for each communication that preceded the filing of the lawsuit, including the date of the communication, the form and content of the communication, who initiated the communication and the company for which the person worked at the time, the recipient of the communication and for whom the recipient worked at the time, and if any of the persons involved in the communications are or were employees of Farrell & Seldin, to state that person's job title and supervisor. In response, Farrell & Seldin asserts attorney-client privilege and indicates it would provide a privilege log.

Much of the information sought is not attorney-client privileged at all, but relates to facts, and there is no privilege as to facts. Upjohn v. United States, 449 U.S. 383, 395-96 (1981). For example, the date of the communication cannot be claimed as attorney-client privilege nor the form of communication. So, too, the identity of the person who initiated the communication and the person who received it represent facts and not confidential information. Id. Finally, inquiries concerning whether any of the individuals were employees of Farrell & Seldin are facts and not confidential communications.

The Court overrules in part Farrell & Seldin's objection and requires a supplemental response to Interrogatory No. 19(r), 19(s), 19(u), 19(v) and 19(w). To the extent Farrell & Seldin asserts attorney-client privilege as to the content of the communications 19(t), it is to provide a privilege log within ten days.

In Interrogatory No. 24, Yazzie requests information on the current net worth of Farrell & Seldin and asks it to describe in detail how its net worth figure is calculated. Farrell & Seldin

objects on grounds the information is irrelevant, as well as "proprietary and confidential."

In her Reply, Yazzie argues that net worth is relevant and discoverable. *Citing* Pedroza v. Lomas Auto Mall, Inc., CIV 07-591, 2008 U.S. Dist. Lexis 91733 at 6-7 (D.N.M. Nov. 10, 2008).[1] There is no dispute that evidence of a party's net worth is relevant on the issue of punitive damages. City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 270 (1981); Ramsey v. Culpepper, 738 F.2d 1092, 1099 (10th Cir. 1984). The question in this dispute is when the information should be produced.

Farrell & Seldin object to the production of information at this juncture, arguing that Yazzie is not entitled to the information until she at least made a *prima facie* showing of its liability for punitive damages. Indeed, this argument finds support in both federal and state court rulings. *See, e.g.* Chenoweth v. Schaaf, 98 F.R.D. 587, 589 (W.D.Pa. 1983); John Does I-VI v. Yogi, 110 F.R.D. 629 (D. D.C. 1986); Rupe v. Fourman, 532 F. Supp. 344, 350-51 (S.D. Ohio 1981).

In this case, Farrell & Seldin are insured for the claims being asserted and, at the Fed. R. Civ. P. 16 scheduling conference, advised that a copy of their declarations page would be provided.

Yazzie's claims are not so substantial nor is the conduct alleged so outrageous that a damage award is likely to exceed the insurance available to cover the claims. Again, the Court is mindful of its responsibility to balance a party's right of discovery with the opposing party's right of privacy and right to be free from intrusive examinations into private financial matters.

In a case where the claims do not evoke the willful, wanton and reckless conduct likely to result in a substantial punitive award, the Court may delay the presentment of the requested information. Thus, the Court will require Farrell & Seldin to have available, at the time of trial, the

---

[1] Date incorrectly stated in Lexis as Nov. 10, 2008. The Memorandum Opinion and Order was filed July 10, 2008. *See* Doc. 194 in CIV 07-571 JB/RHS.

information concerning their present net worth. Should the trial judge determine that Yazzie has made a *prima facie* showing of entitlement to punitive damages, the trial judge may then order production of the financial information to Yazzie during the course of trial.

### **Requests for Production**

In Request for Production No. 11, Yazzie seeks "All agreements or other documents that define the relationship between Farrell & Seldin and Target National Bank both generally and specifically regarding the account on which the Lawsuit was predicated." Farrell & Seldin object citing attorney-client privilege.

While attorney-client privilege may indeed be applicable to some of the documents, it is not applicable to all of them. For example, any account application information, applications for credit, etc., are not attorney-client privileged, as they are not communications between Farrell & Seldin and Target National Bank.

The Court directs all non-privileged documents to be produced within ten days, and to the extent Farrell & Seldin asserts there are documents to which a privilege is applicable, a privilege log is to be provided within ten days.

In Request for Production No. 12, Yazzie seeks "All documents concerning any communications (that preceded the filing of this lawsuit) between Farrell & Seldin and Target National Bank regarding the Lawsuit, the account on which the Lawsuit was predicated or Ms. Yazzie."

Farrell & Seldin objected on grounds of attorney-client privilege. The objection is sustained, and a privilege log is to be provided within ten days.

In <u>Request for Production No. 16</u>, Yazzie seeks evidence of Farrell & Seldin's net worth for the last three years.  For purposes of determining punitive damages, a defendant's *present* net worth is an important factor. However, in such cases as <u>Cincinnati Ins. Co. v. Clark</u>, No. Civ. A. 91-0820, 1992 WL 34128, at *2 (E.D. Pa. Feb. 19, 1992), courts have determined that a defendant's worth in years past is not relevant.  It is only a party's present net worth that can be considered.  Accordingly, the Court denies the request to produce evidence of past net worth and, consistent with its ruling on Interrogatory No. 24, requires Farrell & Seldin to have available, for presentation to the trial court at trial, evidence of Farrell & Seldin's current net worth.

In <u>Request for Production Nos. 17 and 18</u>, for the reasons stated above, the Court sustains the objection and denies these requests to produce documents relating to Farrell & Seldin's present net worth; however, those documents must be available for the trial court at the time of trial.

In sum, the Court denies in part and grants in part Yazzie's motion to compel.  To the extent Farrell & Seldin are required to supplement interrogatories or provide privilege logs, they are to be served within ten days.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge