IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LUCINDA M. YAZZIE,

       Plaintiff ,

  vs.                                                        CIVIL NO. 10-292 BB/LFG

LAW OFFICES OF FERRELL
& SELDIN and TARGET
NATIONAL BANK,

       Defendants.

## ORDER GRANTING MOTION TO EXTEND DEFENDANTS' EXPERT DISCLOSURE DEADLINE AND EXTENDING DISCOVERY DEADLINE

THIS MATTER is before the Court on Defendants' Motion to Extend Defendants' Expert Disclosure Deadline [Doc. 64]. Plaintiff Lucinda M. Yazzie ("Yazzie") opposes the motion [Doc. 76]. Neither a reply nor oral argument are necessary.

Defendants seek to extend the time to designate an expert and produce a Rule 26 report. The basis of the motion is that Yazzie failed to comply with automatic disclosure requirements of D.N.M.LR-Civ. 26.3(d)(3), and failed to comply with the Court's prior orders directing Yazzie to produce information concerning prior healthcare providers and to execute HIPAA compliant record release forms. As a result of those failures, Defendants have not received discoverable information that may be necessary for an expert report.

### Procedural Background

It is undisputed that Yazzie is making claims for emotional distress and injury. [Doc. 1, ¶ 50; Doc. 12, p. 3]. Because she characterized her claims as "garden variety," she did not comply with

the mandatory disclosure requirements of the district's local rule. At the Rule 16 scheduling conference conducted on June 22, 2010, the Court made inquiry of Yazzie's attorney concerning compliance with the Rule, as she was making claims for emotional distress damages. Yazzie objected to providing a treatment history or executing medical release forms, contending that there is no obligation to make automatic disclosures when the claims were limited to garden variety.

The Court advised counsel that in any case where a plaintiff makes claims of physical, mental or emotional injury, compliance is required. The Court noted that the "garden variety" argument arises only in connection with a defendant's attempt to do a Fed. R. Civ. P. 35 examination of a client. Accordingly, the Court issued an order [Doc. 17] requiring Yazzie to comply with D.N.M.LR-Civ. 26.3(d)(3). The Court's order provided in part:

> Yazzie failed to comply with D.N.M.LR-Civ. 26.3(d)(3). This rule requires that when a plaintiff makes claims for physical, mental or emotional injury, that party is required to provide the opposing party with a five-year treatment history identifying healthcare providers who rendered care to the plaintiff for any reason in the five years preceding the date of injury. Moreover, the plaintiff is required to execute the HIPAA compliant medical and psychological release forms that are part of the local rules.
>
> Yazzie objects to this disclosure, stating that she is seeking only "garden variety" damages for aggravation, frustration, humiliation and embarrassment and should not have to disclose her healthcare providers or treatment history.
>
> The Court disagrees. Defendants are not bound to accept Yazzie's characterization of her injuries. Moreover, Defendants are entitled to discover for themselves if there are other contributing causes that may account for Yazzie's condition. Medical records and statements made to healthcare professionals may support or refute Yazzie's claims. Those records may also show other contributing factors to Yazzie's frustration, aggravation, humiliation and embarrassment.
>
> A party may not assert monetary claims for damages relating to physical or emotion[al] conditions and then deny the opposing party the right to discover whether the claims have any validity, or whether

there are other proximate causes or contributing causes of plaintiff 's condition.  It would be unfair, indeed, to allow a party to assert claims and then to completely prohibit the other party from exploring the validity of those claims.

Fair and open discovery encourages the parties to explore whether there is evidence to support the claims and defenses.  Discovery of this nature allows a party to quickly evaluate the case for settlement, and if the case cannot be settled, to be prepared to meet the proofs at the time of trial.

Yazzie argued that she is only making claims for "garden variety" emotional distress and therefore should not have to comply with local Rule 26.3(d)(3).  The Court disagrees.  The phrase "garden variety" comes from the Tenth Circuit case Thiessen v. General Elec. Capital Corp.,178 F.R.D. 568, 569-70 (D. Kan. 1998).  That case, however, dealt with a defendant's request for a Rule 35 psychological evaluation.  The court concluded that a Rule 35 examination was not warranted when the plaintiff makes a "garden variety" emotional distress claim that amounts to no more than an attempt to recover for generalized insult, hurt feelings and lingering resentment.  Id. at 569-70.  In such an instance, a party does not place her condition "a[t] issue" so as to authorize an intrusive Rule 35 independent psychological examination.  The mere request for damages related to "pain and suffering, embarrassment and humiliation" without more is insufficient to demonstrate good cause for a Rule 35 examination. Lefave v. Symbios, Inc., 2000 WL 1644154 at *5 (D. Colo. 2000).

But, the issue before the Court is not whether Yazzie should be subjected to an intrusive Rule 35 examination.  Rather, it is whether she should be excused from disclosing treatment history that may shed light on other causal connectors related to her present claims.

The Court advised Yazzie that it would not require the mandatory disclosures under D.N.M.LR-Civ. 26.3(d)(3) if she were willing to stipulate that she will not seek, request or recover damages for physical, mental or emotional injury.  Yazzie declined the stipulation.

The Court concludes that a defendant should not be denied access to information that allows  it to evaluate the case for settlement or to prepare its defense when it challenges claims advanced by the plaintiff.  Accordingly, the Court overrules Yazzie's objections and requires compliance with the district's local rule within ten days.

Even though the Court ordered Yazzie to comply with Rule 26, she did not do so, but, instead, appealed the Magistrate Judge's ruling by filing formal objections [Doc. 19]. While it was Yazzie's right to appeal, she failed to seek a stay of the Magistrate Judge's order, and, consequently, the Court directed her compliance [Doc. 41].

Even then, instead of complying within the time limit required by the Court, Yazzie filed a motion for reconsideration [Doc. 47], and that motion was denied [Doc. 48]. It was not until September 20, 2010 that Yazzie ultimately provided a list of healthcare providers and executed the medical release forms. Thus, information which should automatically have been provided to defense counsel within fourteen days of the meet-and-confer session was not provided until nearly four months later.

Defendants promptly executed consent forms to healthcare providers, but not all have responded. However, the records of one who did respond, Michael Castenell, indicate a clinical diagnosis of mixed anxiety, adjustment disorder and depression. [Doc. 64, Ex. D]. These conditions were not attributed to any stress related to garnishment proceedings, but to other life stressors, including the responsibility of caring for elderly parents in need of constant attention while she was a full-time employee. Yazzie also reported past psychiatric treatment as an outpatient due to issues arising out of a 1987 divorce, and reported both physical and psychological trauma arising from her relationship with her ex-spouse.

The production of this record highlights this Court's earlier analysis as to why medical records are relevant and should automatically be produced. In this case, for example, Yazzie attributes her emotional condition to stress she experienced as a result of being called in to her human resources supervisor when a writ of garnishment was served.

In the absence of medical records, Defendants would have had no way of determining that her present psychological condition might be attributed to other stressors unrelated to the garnishment proceedings.  Defendants are not required to accept Yazzie's contention that her condition is attributable to Defendants' debt collection practice.  Rather, as the Court made clear in LeFave v. Symbios, *supra*, Defendants are free to explore whether there are other explanations that caused or contributed to Yazzie's emotional condition.

## Present Motion

Defendants argue that Yazzie's failure to comply with the automatic disclosure obligations and subsequent failures to comply with the Court order resulted in Defendants not receiving information within a sufficient amount of time to designate an expert and obtain, if necessary, a Rule 26 expert report.

Yazzie objects to the extension, simply saying that it was requested after expiration of the deadline established by the Court.  Yazzie also states that, at this stage, allowing a new expert would require additional discovery which would be prejudicial to Yazzie.

The Court rejects these arguments.  Some districts have local rules which require that motions of this nature be filed prior to the expiration of a specified time.  *See, e.g.*, District of Kansas Rule 6.1(a), which provides, "Extensions will not be granted unless the motion is made before the expiration of the specified time, except upon a showing of excusable neglect."  *See also* Wesley v. MP Next Level, LLC, No. 06-4070 SAC, 2007 WL 1599683 (D. Kan. June 4, 2007).

The District of New Mexico, however, does not have an express rule requiring that the motion be filed prior to the expiration of existing case management deadlines.  While generally it is advisable to seek an extension of discovery and other deadlines before the deadline expires, a motion of this nature filed after the deadline may be considered on a case-by-case basis.  In

considering whether to grant or deny the motion, the Court is guided by principles announced by the Tenth Circuit in Smith v. United States, 834 F.2d 166 (10th Cir. 1980), wherein the court set forth factors to be considered in determining whether discovery should be reopened.[1] The factors include:

> (1) whether trial is imminent, (2) whether the request is opposed, (3) whether the non-moving party would be prejudiced, (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, (5) the forseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and (6) the likelihood that the discovery will lead to relevant evidence.

Smith, at 169.

*See also*, Rucinski v. Torian Plum Condo. Owners Ass'n, Inc., No. 08-CV-2798-PAB-MJW, 2010 WL 2025452 (D. Colo. May 20, 2010), in which the court characterized a motion for further discovery, filed after the deadline, as a motion to reopen discovery and applied the Smith factors in deciding the motion.

In looking at these factors, the Court notes that trial is not imminent and there is neither a pretrial conference nor trial set in the case. Thus, that factor gravitates toward granting the motion. Additionally, the Court considers whether the request is opposed. In this case, it is opposed, but the primary basis of the opposition is that the motion was filed after expiration of the original deadline. As earlier noted, the district has no rule comparable to the District of Kansas, and, even if it did, the Court is free to consider requests on a case-by-case basis.

In determining whether Yazzie would be prejudiced, the Court finds there would be no prejudice to Yazzie if the Court extends both Defendants' expert deadline and the discovery deadline

---

[1] The Court recognizes that discovery is still open in this case and that the current motion is not one to reopen discovery. Nevertheless, the Court finds the Smith factors to be instructive in the analogous situation where a motion to extend the expert deadline is filed after the deadline expires.

to take the additional deposition of an expert if one is designated. Additionally, the Court is required to decide if the moving party was diligent in obtaining discovery. In this case, Defendants acted promptly to obtain medical records as soon as Yazzie provided the list of her healthcare providers. The lack of diligence was not on the part of Defendants but, rather, on the part of Yazzie.

The Court must also determine the forseeability of the need for additional discovery. In this case, additional discovery may be needed of the healthcare providers who provided medical records. Thus, general discovery will close on December 17, 2010, but the Court will extend medical and expert discovery until January 18, 2010. This will ensure that the original deadline will be used for all issues not relating to Yazzie's mental or emotional status or to expert reports.

Finally, the Court determines that the requested discovery will lead to relevant evidence. In this case already, medical reports show that while Yazzie attributes her anxiety, depression and emotional upset to the garnishment proceedings, there were pre-existing diagnosable conditions arising from causes totally unrelated to the garnishment proceedings, and which may be the basis for any present condition.

The Court determines that the Tenth Circuit factors are satisfied and, therefore, will grant Defendants' motion. The Court will extend the time for Defendants to designate and serve an expert report by thirty days from the date of this ruling. Additionally, the parties are afforded additional time to January 18, 2010 to take the depositions of healthcare providers and experts.

IT IS SO ORDERED.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge