IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LUCINDA M. YAZZIE

   Plaintiff,

v.

              No. 10-CV-00292 BB/LFG

LAW OFFICES OF FARRELL & SELDIN; and
TARGET NATIONAL BANK,

   Defendants.

## DEFENDANT TARGET NATIONAL BANK'S
## MOTION FOR SUMMARY JUDGMENT

Defendant Target National Bank ("Target"), by and through its counsel, the Law Office of Jack Brant, P.C., respectfully requests the Court to grant summary judgment in its favor, dismissing all claims against Target in this lawsuit, with prejudice. Due to the nature of the relief requested, plaintiff's consent was not requested. In support of this motion, Defendant states as follows:

### STATEMENT OF UNDISPUTED FACTS

1. Target engaged Defendant Law Offices Farrell & Seldin ("the Law Firm") to represent Target as its legal counsel in seeking to collect a debt owed to Target by Lucinda M. Yazzie. Depositions of Barry Seldin and Susan Wolf (pertinent portions of the deposition transcripts will be filed with the Court upon their receipt by counsel). This was not an assignment of the debt to the Law Firm, but was a standard attorney-client relationship. *Id.*

2. The Law Firm filed a Complaint for Money Due on behalf of its client, Target, on April 23, 2007 against Lucinda M. Yazzie in New Mexico state court. Complaint ¶ 10.

1

3. On August 17, 2007, the Law Firm obtained a default judgment in the state court lawsuit. Complaint ¶ 18.

4. In April of 2008, the Law Firm obtained a writ of garnishment against Noble Energy, Plaintiff's employer, and served the writ upon Noble Energy. Complaint ¶¶ 21, 22.

5. On December 19, 2008, the Law Firm filed a Release of Garnishment with the state court. Complaint ¶ 34.

6. On August 13, 2009, the Law Firm filed a second Application for Writ of Garnishment directed to Plaintiff's employer, Noble Energy, and served the writ on Noble Energy. Complaint ¶¶ 36, 37.

7. In April 2010, the Law Firm released the second Writ of Garnishment against Plaintiff's employer. Order to Set Aside Garnishment, attached hereto as Exhibit A.

8. At the time that it engaged the Law Firm to represent it with regard to the collection of the debt in question, Target provided the Law Firm with correct information concerning the address and social security number of the actual debtor who owed the debt to Target. Deposition of Susan Wolf (pertinent portions of deposition transcript to be filed when received).

9. After engaging the Law Firm, providing the Law Firm with correct information regarding the debtor, and providing the Law Firm with an affidavit attesting to the fact and amount of the debt owed, there were no further communications whatsoever between Target and the Law Firm regarding this debt. Depositions of Susan Wolf and Barry Seldin.

## SUMMARY JUDGMENT STANDARD

"Summary judgment should be granted 'if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.'" *Martinez v. Beggs*, 563 F.3d 1082, 1088 (10th Cir. 2009) (quoting Fed.R.Civ.P. 56(c)), *cert. denied*, ___ U.S. ___, 130 S.Ct. 259, 175 L.Ed.2d 131 (2009). "When applying this standard, we examine the factual record in the light most favorable to the party opposing summary judgment." *Belhomme v. Widnall*, 127 F.3d 1214, 1216 (10th Cir. 1997). The moving party has "both the initial burden of production on a motion for summary judgment and the burden of establishing that summary judgment is appropriate as a matter of law." *Trainor v. Apollo Metal Specialties, Inc.*, 318 F.3d 976, 979 (10th Cir. 2003). "[T]he movant need not negate the non-movant's claim, but need only point to an absence of evidence to support the non-movant's claim." *Sigmon v. CommunityCare HMO, Inc.*, 234 F.3d 1121, 1125 (10th Cir. 2000). "If the movant carries this initial burden, the nonmovant may not rest on its pleadings, but must bring forward specific facts showing a genuine issue for trial as to those dispositive matters for which it carries the burden of proof." *Jenkins*, 81 F.3d at 990. "An issue of material fact is genuine if a reasonable jury could return a verdict for the non-movant." *Id.* See *Kannady v. City of Kiowa*, 590 F.3d 1161, 1168-1169 (10th Cir. 2010).

## ARGUMENT

**I.    Target is not a "Debt Collector" as to whom a claim can be brought under the Fair Debt Collection Practices Act.**

"The term 'debt collector' means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Target is not a "debt collector" under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA"). Target is simply a creditor. 15 U.S.C. § 1692a(4). Only "debt collectors" as defined in the FDCPA are subject to civil liability under the FDCPA. 15 U.S.C. § 1692k(a). Any claim by plaintiff against Target under the FDCPA fails to state a claim upon which relief can be granted.

**II.   Target's actions do not constitute a violation of the New Mexico Unfair Practices Act.**

Plaintiff alleges that Target is in violation of the New Mexico Unfair Practices Act, NMSA 1978 § 57-12-2(D), generally, and NMSA 1978 § 57-12-2(D)(14) and (15), specifically. However, Target's actions regarding this matter do not support a valid claim against Target under the Act.

The New Mexico Unfair Practices Act requires that a party charged must knowingly make a misleading representation that deceives or misleads any person.   See NMSA 1978 § 57-12-2(D). Target's only involvement with the collection effort here was to retain legal counsel and provide its counsel with correct information regarding Target's debtor. Target is therefor entitled to summary judgment, dismissing plaintiff's claim against Target under the New Mexico Unfair Practices Act.

**III.   Target's actions do not constitute tortious debt collections practices under New Mexico law.**

Plaintiff cites *Montgomery Ward v. Larragoite*, 81 N.M. 383, 467 P.2d 399 (1970), which recognized a New Mexico common law cause of action for tortious debt collection practices. The court in *Larragoite* characterized the cause of action as a form of invasion of privacy, involving willful, wanton and malicious actions by the defendant to collect from the plaintiff a debt owed by another. 81 N.M. at 385.

In this case, Target's conduct at issue consisted of engaging legal counsel to represent Target, and providing its legal counsel with correct information concerning Target's debtor. Such conduct fails to state a valid claim for "tortious debt collection" under New Mexico law. Target is therefore entitled to summary judgment, dismissing plaintiff's "tortious debt collection" claims against Target.

### IV.   Target is not vicariously liable in tort for the acts of the Law Firm, an independent contractor.

The undisputed facts establish that the Law Firm was an "independent contractor" of Target. Target simply engaged the Law Firm to attempt to collect a debt owed to Target. Target did not control, direct or supervise the Law Firm's work. Indeed, Target was not even aware that a law suit had been filed, or that garnishment efforts had been made. There were no communications between Target and the Law Firm whatsoever after the initial stages of the engagement.

It is axiomatic that for purposes of tort liability, a party is not vicariously liable for a tort committed by an "independent contractor" engaged by the party to perform a service. For purposes of tort liability, an employer can be held vicariously liable for a tort committed by an employee, but a party cannot be held vicariously liable for a tort committed by an independent contractor. *See Harger v. Structural Services, Inc.*, 121 N.M. 657, 916 P.2d 1324 (1996).

In determining whether a person is an independent contractor or an employee, we have inferred the existence of the right of control, or the existence of the employer-employee relationship, from such factors as direct evidence of the exercise of control, or the right to terminate the employment relationship at will, by either party, and without liability.

In this case, once Target had engaged the Law Firm to represent Target regarding collection of the debt, the Law Firm had complete control over collection efforts regarding the account. Target did not have any control, oversight, or even any knowledge about the Law Firm's actions. Target cannot be held vicariously liable in tort for the Law Firm's actions in these circumstances.

**WHEREFORE**, Target National Bank respectfully requests the Court to grant this motion and enter an order dismissing all claims against Target in this lawsuit, with prejudice.

Respectfully Submitted,

**LAW OFFICE OF JACK BRANT, P.C.**

By: //s// Electronically Filed
**JOHN M. BRANT**
Attorney for Defendant
202 Tulane SE
Albuquerque, New Mexico 87106
Telephone: (505) 232-5300
Facsimile: (505) 232-5335

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 20th day of December, 2010, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Rob Treinen, Esquire
rtreinen@swcp.com

Charles Parnall
cparnall@nmconsumerwarriors.com

Lucius James Wallace
luke@hwh-law.com

Robert David Humphreys
david@hwh-law.com


By_____//s//Electronically Filed_____
     Jack Brant

STATE OF NEW MEXICO
COUNTY OF SAN JUAN
ELEVENTH JUDICIAL DISTRICT COURT

DISTRICT COURT
SAN JUAN COUNTY NM
FILED

2010 APR 7 AM 11 26

TARGET NATIONAL BANK,

    Plaintiff,

vs.

NO. D-1116-CV-200700571

LUCINDA YAZZIE,
a/k/a YAZZIE M. LUCINDA, a/k/a
YAZZLE M. LUCINDA
    Defendant,

and

NOBLE ENERGY PRODUCTION, INC.,

    Garnishee.

## ORDER TO SET ASIDE GARNISHMENT JUDGMENT AND VACATE HEARING

Defendant Lucinda Yazzie, a/k/a Yazzie M. Lucinda, a/k/a Yazzle M. Lucinda, who states that she is not the judgment debtor but whose employer has had a garnishment order entered against it, moved the Court to set aside the garnishment order.

Plaintiff Target National Bank did not oppose the motion and stipulates to the form of this order.

THE COURT FINDS that the motion is well taken.

IT IS ORDERED that the garnishment judgement entered against Noble Energy Production, Inc. on December 21, 2009, is set aside and that the hearing set for April 12, 2010, in this matter is vacated.

HONORABLE KAREN L. TOWNSEND
District Court Judge

EXHIBIT A

Approved as to form:

FEFERMAN WARREN & TREINEN PA, Attorneys for Defendants Lucinda Yazzie

_____
ROB TREINEN
300 Central Ave. SW, Suite 2000 West
Albuquerque, New Mexico 87102
(505) 243-7773
(505) 243-6663 (fax)

LAW OFFICES OF FARRELL & SELDIN, Attorneys for Plaintiff Target National Bank

*Approved telephonically 4/6/10*

_____
DARREN TALLMAN
P.O. Box 31066
Albuquerque, New Mexico 87190-1066
(505) 938-4343
(505) 938-4350 (fax)

2