IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LUCINDA M. YAZZIE,

    Plaintiff,

v.

                              Case No. 1:10-CV-00292- BB-LFG

LAW OFFICES OF FARRELL & SELDIN; and
TARGET NATIONAL BANK,

    Defendants.

### REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (BONA FIDE ERROR) [DOC. 87]

Defendants have moved for summary judgment as to plaintiff's cause of action under the FDCPA, based upon the "bona fide error" defense that is set forth expressly in the FDCPA itself, 15 U.S.C. § 1692k(c). For essentially the same reasons – unintentional error caused by violation of Farrell & Seldin's clear policies – defendants also seek summary judgment as to plaintiff's New Mexico state-law causes of action, both of which require a showing of "intent" as an essential element of a valid cause of action.

In her Response, plaintiff makes a number of arguments in opposition to the motion for summary judgment. As discussed below, plaintiff's arguments are not well-founded. Therefore, the Court should grant defendants' motion for summary judgment.

Plaintiff first argues about accuracy of certain of defendants' material facts, and in addition, sets forth 34 additional supposedly "material" facts. Response at 3-10. Plaintiff's attempt to challenge certain of defendants' material facts is without merit. There is no question that Mr. Dubus, the offending employee, found plaintiff's social security number through some kind of computer locator search regarding the actual debtor. *See* Response at 3. There is no question that changing the debtor's social security number in Farrell & Seldin's system without

authority, which Mr. Dubus clearly did, violated well-established Farrell & Seldin policy of which Mr. Dubus was aware. *See id.* There is no question that every contact with the plaintiff and her employer giving rise to the claims in this lawsuit was a direct result of Mr. Dubus' violation of this clear law firm policy; including every time someone sought to verify whether plaintiff was the actual debtor. There is no question that the social security number in the law firm's system – which, due to the law firm's clear policy, is reasonably presumed by the employees to be the social security number for the actual debtor, received from the law firm's client – is the "final word" on the identity of a debtor.

There is no question that this clerical/ministerial error caused every alleged violation of the FDCPA, the New Mexico UPA, and New Mexico common law – that is, efforts to collect the debt from the wrong person, which were unsuccessful. There are no other violations of the FDCPA or New Mexico law alleged, other than the mix up between plaintiff and the true debtor; and that mix up was the result of "bona fide error" and is therefore not actionable.

The foregoing are the key material facts upon which defendants' "bona fide error" defense is based, and they are indisputable, based upon factual the record in this case. As for plaintiff's pages and page of additional supposedly "material" facts, defendants do not dispute them for purposes of this motion, to the extent that they accurately state evidence of record in the lawsuit. None of them change the "bona fide error" analysis, however, and they are therefore essentially "immaterial" facts, rather than "material" facts.

Plaintiff next argues that the FDCPA is a "strict liability" statute; that "intent" is not required to prove a breach; that bona fide error is measured by an objective standard; and that defendants bear the burden of proof. *See* Response at 9-12. Fair enough. However, as plaintiff also sets forth herself in the Response: "The bona fide error defense exists as an exception to the strict liability imposed upon debt collectors." Response at 11. The defense is statutorily

2

created, strategically placed in the very section of the FDCPA statute that also creates the private right of action under which plaintiff has brought this lawsuit. Congress therefore obviously intended the defense to be enforced, barring such a claim, when the elements of the defense are met - "strict liability" otherwise, notwithstanding.

Furthermore, while the defense may certainly be a jury question in some cases, there is nothing about the FDCPA nor the "bona fide error" defense that somehow trumps Fed. R. Civ. P. 56. If the facts are undisputed, and the elements of the defense exist based upon those facts, then the defendants are entitled to judgment as a matter of law. Defendants contend that is the case here.

Plaintiff argues that the defendants have not made a sufficient showing that the error was the result of unintentional action. The converse is true. The record is devoid of any suggestion of an intent by anyone at Farrell & Seldin to pursue someone other than the actual debtor for the debt in question here. Everyone believed, at every step in the process, that the actual debtor was being pursued. And every time a question was raised whether this was the actual debtor, the law firm's employees checked the social security number again to confirm that they were dealing with the actual debtor; innocently and reasonably believing that the social security number in their system was accurate because of the law firm's clear policy against changing the number in the system without authority. That is what "unintentional" means, plaintiff's arguments to the contrary notwithstanding.

Indeed, except for the garnishment, the actual debtor *was* being pursued: the lawsuit was filed against the actual debtor; judgment was obtained against the actual debtor. No funds of plaintiff were ever garnished. Pursuit of the wrong person at certain points in the process was unintentional, as a matter of indisputable fact.

3

This same set of facts establishes that the mix-up was "objectively reasonable." *See* Response at 12-13. There is no objective evidence whatsoever that the law firm's employees ever acted irrationally or irresponsibly, let alone intentionally. Except for Mr. Dubus' creation of the problem to begin with, the law firm's employees acted reasonably and followed procedure; a procedure, by the way, that has worked to prevent similar situations from ever occurring, at least in the memory of the witnesses who have been deposed. This procedure included the "objectively reasonable" practice of the employees confirming, in their mind, that they were pursuing the "right" person, based upon the social security number in the system.

The law firm clearly made a mistake in trying to garnish plaintiff's wages. However, not every mistake is the result of "unreasonable" conduct. That is why the "bona fide error" defense exists as an integral part of the FDCPA statute; and why it should be applied here as a matter of law based upon the undisputed facts.

Plaintiff's lengthy discussion of the *Jerman* decision is misplaced. Response at 15, et seq. In *Jerman*, the U.S. Supreme Court held that a "mistake of law" does not qualify as a "bona fide error" under the statute. However, defendants in this case are not arguing that they made a "mistake of law": that they engaged in intentional conduct in violation of the FDCPA under the mistaken belief that it did not violate the FDCPA. They are claiming instead that there was a "clerical" or "factual" error which caused the mistake. And by plaintiff's own admission, that is precisely the kind of error that the U.S. Supreme Court held qualified for the "bona fide error" defense: "The Supreme Court came down on the side of the circuit courts that had limited the bona fide error defense to clerical or factual errors." Response at 15.

Plaintiff argues that defendants must prove "bona fide error" as to each alleged action in violation of the FDCPA. The undisputed facts do just that. Every contact with plaintiff, everything done to try to garnish her wages or collect the debt from her, was the direct result of

4

the unauthorized switch of social security numbers – the "bona fide error" at issue here. There is no evidence to the contrary.

In conclusion, the "bona fide error" defense expressly set forth in the FDCPA is there to provide a safe harbour for debt collectors where their violation of the act was unintentional, the result of a clerical or factual error, and where there are procedures in place to try to prevent such errors from occurring. That is precisely the set of circumstances presented by this case.

A mistake was made. Mistakes happen sometimes in the real world, despite reasonable efforts to avoid them. Unfortunately, in our society these days, the practice too often is to file a lawsuit every time someone makes a mistake, no matter how unintentional – and to claim in that lawsuit that the conduct was horrific, egregious and inexcusable, as plaintiff does here – and to claim, in addition, that the simple mistake has caused untold suffering, hardship and damages to the plaintiff, as plaintiff also does here even though no money was collected from her, her contacts with the debt collector were minimal, and she suffered no actual damages of any kind, except for frustration over the situation.

Congress, in its wisdom, recognized that such mistakes might occur from time to time in the debt collection arena; and included the "bona fide error" defense to protect otherwise law abiding debt collectors from lawsuits just like this one, when an innocent clerical or factual mistake has occurred, leading to what would otherwise be a violation of the statute. The indisputable facts of record in this case establish the "bona fide error" defense, as provided for in the statute – as well as a similar defense to plaintiff's state-law claims. Defendants are entitled to the protection that the statute expressly provides. They respectfully request that their motion for summary judgment be granted, dismissing this lawsuit.

Respectfully submitted,

LAW OFFICE OF JACK BRANT, P.C.

By: __/s/ Electronically Filed__
     John M. Brant
202 Tulane SE
Albuquerque, New Mexico 87106
Telephone: (505) 232-5300
Facsimile: (505) 232-5335
*Attorneys for Defendants Law Offices of Farrell & Seldin and Target National Bank*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 14th day of February, 2011, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Rob Treinen, Esquire
rtreinen@swcp.com

Charles Parnall
cparnall@nmconsumerwarriors.com

Lucius James Wallace
luke@hwh-law.com

Robert David Humphreys
david@hwh-law.com


By __//s//Electronically Filed__
     Jack Brant