**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

LUCINDA M. YAZZIE,

       Plaintiff,

vs.                                            No. CIV 10-292 BB/LFG

LAW OFFICES OF FARRELL & SELDIN, and
TARGET NATIONAL BANK,

       Defendants.

**MEMORANDUM OPINION AND ORDER**

       **THIS MATTER** comes before the Court on Defendant Law Offices of Farrell & Seldin's

Motion for Summary Judgment (Doc. No. 87, filed December 20, 2010).  For the reasons stated

below, the Court will **DENY** the Motion.

**Background**

       This lawsuit is about the wrongful actions of an attorney debt collection firm and the creditor

in whose name it was collecting.[1]  (Pretrial Order at 3-4, Doc. No. 119, filed April 27, 2011).

Defendant Law Offices of Farrell & Seldin ("the Law Firm"), attorney debt collectors, and

Defendant Target National Bank ("the Bank"), a creditor, persisted in trying to garnish the wages

of Plaintiff despite repeated notice that the debt was owed by someone else with the same name but

with a different social security number.  In fact, the Law Firm, through its employees, made a

conscious choice to switch the social security numbers in its internal system, removing the social

security number for the Debtor, which had been provided by the Bank, and replacing this number

---

      [1]This paragraph and the following paragraph are taken from Plaintiff's description of her claims given in the Pretrial Order.  The third paragraph is taken from Defendant Law Offices of Farrell & Seldin's description of its defense given in the Pretrial Order.

with Plaintiff's social security number.  These two persons – Plaintiff and the Debtor – are different and distinct by the social security number and by every other item of identifier information, except name.

For three years, Defendants tried to collect from Plaintiff on an account that is not her account.  These collection efforts include two attempts to garnish Plaintiff's wages.  After Defendants agreed to release the first garnishment, following receipt of an answer from Plaintiff's employer where the employer indicated that it did not employ the judgment debtor, Defendants nonetheless filed a second garnishment action against Plaintiff.  Defendants refused to release the second garnishment until after this lawsuit was filed.

The Law Firm admits that the Social Security number of the actual debtor was changed in the Law Firms' records by the unauthorized act of a former employee, in violation of clear Law Firm policy, to that of Plaintiff; and that thereafter, as a result of this undiscovered change of key identifying information in its records, the Law Firm attempted to garnish the wages of Plaintiff, who did not owe the debt in question.  Defendant contends that its attempt to collect this debt from Plaintiff was the result of "bona fide error," a statutorily-based defense to Plaintiff's claim under the Fair Debt Collection Practices Act ("FDCPA").

**Undisputed Facts**

The Bank engaged the Law Firm to represent the  Bank as its legal counsel in attempting to collect a debt owed to the Bank by Lucinda M. Yazzie.  (*See* Motion at 1-2).  The Bank provided the Law Firm with correct information concerning  the debtor's name, address and social security number.  (*See id.* at 2).  Doug Dubus was, at the time of this engagement, a non-lawyer employee of the Law Firm.  (*See id.* at 2).

In representing the Bank regarding the collection of the debt in question, the Law Firm utilized a computer software program to record actions by the Law Firm and identifying information about the debtor and the account. (*See id.* at 2). The account in question was received by the Law Firm from the Bank on or about December 1, 2006. (*See id.*). The Notes reflect that on December 5, 2006, shortly after the account was received, Mr. Dubus changed the social security number for the Bank's debtor in the Notes, from the actual debtor's correct social security number to the plaintiff's social security number. (*See id.*).

**Discussion**

The Law Firm moves for summary judgment relying on the "bona fide error" provision of the FDCPA which provides:

> A debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

15 U.S.C. § 1692k(c). "Thus, an FDCPA defendant seeking the protection of the bona fide error defense carries the burden of proving that the violation was (1) unintentional, (2) a bona fide error, and (3) made despite 'the maintenance of procedures reasonably adapted to avoid' the violation." *Johnson v. Riddle*, 305 F.3d 1107, 1121 (10th Cir. 2002).

The Law Firm argues that it is entitled to the benefit of the "bona fide error" defense because of the Law Firm's "clear and definite prohibition against changing the social security number in the system." (Motion at 5-6; *see also* Motion ¶ 8 at 3 ("It was a clear violation of the Law Firm's policy, of which Mr. Dubus was fully aware, for him to change the social security number of the debtor in the Law Firm's system.")). In his deposition, Dubus stated "The firm had a policy not to change out Social Security numbers." (Notice of Supplementation of the Record at 7, Doc. No. 93,

3

filed January 12, 2011; Tr. at 19:2-3). Barry Seldin is a partner of the Law Firm and was designated as the Law Firm's witness to testify about this matter. (Response Ex. A, Doc. No. 94-1 at 2-3l Tr. at 7:16-8:23). When asked if he had any procedures on switching out Social Security numbers, Seldin testified "I don't know that it's a stated procedure, but as Mr. Dubus indicated this morning, it's not something that should be done without escalating it to a manager." (Doc. No. 93 at 19; Tr. at 54:25-55:6). Seldin went on to state that Dubus violated the policy about switching out Social Security numbers. (*Id.* at 19-20; Tr. at 57:23-58:7).

Plaintiff points to other portions of Dubus' and Seldin's depositions regarding the existence of a procedure for changing Social Security numbers. Dubus stated that he was not "aware of any procedure or restrictions on [his] ability to make any changes to the Social Security number." (Response Ex. E, Doc. No. 94-5 at 4; Tr. at 22:8-11). When asked whether he was "aware of whether or not [he] [has] a procedure on switching out Social Security numbers," Seldin responded "I don't recall if there's anything in our procedures that say don't – you cannot – or can or cannot switch out Social Security numbers. I don't know if that specific language is in there." (*Id.* Ex. A, Doc. No. 94-1 at 9, Tr. 55:21-56:2).

Dubus's and Seldin's depositions appear to make contradictory statements about whether there is a Law Firm policy or procedure regarding changing Social Security numbers. *See Andrus v. Gas Co. Of New Mexico*, 798 P.2d 194, 197 (N.M. App. 1990) ("Where the evidence is arguably consistent with two hypotheses, it tends to prove neither"). Whether there is a procedure regarding making changes to Social Security numbers is an element of the Law Firm's "bona fide error" defense and, therefore, is a material fact. *See Johnson v. Riddle*, 305 F.3d 1107, 1121 (10th Cir. 2002) ("defense carries the burden of proving that the violation was . . . made despite 'the maintenance of procedures reasonably adapted to avoid' the violation"); *Anderson v. Liberty Lobby,*

*Inc.*, 477 U.S. 242, 248 (1986) (A fact is "material" if it could affect the outcome of the litigation). The Court concludes that there is a genuine dispute of material fact and will, therefore, deny the Law Firm's motion for summary judgment on Plaintiff's FDCPA claim.  *See* FED. R. CIV. P. 56(a) (Summary judgment is appropriate only if "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law").

The Law Firm also seeks summary judgment on Plaintiff's claim under the New Mexico Unfair Practices Act and the New Mexico common law cause of action for tortious debt collection practices.  (*See* Motion at 7-8).  In its one-paragraph argument, the Law Firm states that both claims require intentional misconduct to state a claim.  (*See id.*).  The Law Firm then concludes that "an unintentional 'bona fide error' of the kind giving rise to this claim, is simply not the kind of conduct that would support a valid claim under either of these state-law causes of action."  (*Id.* at 8).

The Law Firm's argument appears to be based on the premise that the Law Firm is entitled to the "bona fide error" defense which includes the element that the violation was unintentional. However, the Law Firm's "bona fide error" argument focuses on whether it maintained procedures reasonably adapted to avoid a FDCPA violation and does not discuss the intent element other than stating that "as a result of the unauthorized and undiscovered violation of clear Law Firm procedures," the Law Firm's actions were "an unintentional violation of the FDCPA."  *See Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich*, 130 S.Ct. 1605, 1611 (2010) (declining to adopt the argument that Congress intended the FDCPA to impose liability only when a party knows its conduct is unlawful).  Because the Law Firm has not shown that it is entitled to judgment as a matter of law, the Court will deny that portion of its motion seeking summary judgment on Plaintiff's New Mexico Unfair Practices Act and tortious debt collection practices claims.

**IT IS SO ORDERED.**

**BRUCE D. BLACK**
**CHIEF UNITED STATES DISTRICT JUDGE**