IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LUCINDA M. YAZZIE,

      Plaintiff,

vs.                                                                                                                   No. CIV 10-292 BB/LFG

LAW OFFICES OF FARRELL & SELDIN, and
TARGET NATIONAL BANK,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Target National Bank's Motion for Summary Judgment (Doc. No. 86, filed December 20, 2010). For the reasons stated below, the Court will **DENY** the Motion.

**Background**

Defendant Target National Bank ("the Bank") engaged Defendant Law Offices of Farrell & Seldin ("the Law Firm") to collect a debt owed to the Bank. (*See* Motion at 1). The Bank provided the Law Firm with the correct address and social security number of the debtor who has the same name as Plaintiff. (*See id.* at 1-2). An employee of the Law Firm changed the social security number in the Law Firm's records from that of the debtor to that of Plaintiff. (*See* Pretrial Order at 3-4, Doc. No. 119, filed April 27, 2011). The Law Firm then attempted to garnish the wages of Plaintiff who did not owe the debt to the Bank. (*See id.*).

**Plaintiff's Claim under the Fair Debt Collection Practices Act ("FDCPA")**

The Bank states that "any claim by plaintiff against [the Bank] under the FDCPA fails to state a claim upon which relief can be granted" because the Bank is not a "debt collector" and only

"debt collectors" are subject to civil liability under the FDCPA. (Motion at 3-4). Plaintiff is not bringing a claim against the Bank for violations of the FDCPA. (*See* Response at 6, Doc. No. 95, filed January 17, 2011). The Court will deny as moot that portion of the Bank's Motion which seeks summary judgment on Plaintiff's claims against the Bank under the FDCPA.

**New Mexico Unfair Practices Act and Tortious Debt Collection**

The Bank seeks summary judgment on Plaintiff's claim under the New Mexico Unfair Practices Act. (*See* Motion at 4). The Unfair Practices Act makes unlawful unfair or deceptive trade practices which include "any false or misleading oral or written statement, visual description or other representation of any kind knowingly made . . . in the collection of debts . . . ." N.M. STAT. ANN. §§ 52-12-2 and 52-12-3.

The Bank also seeks summary judgment on Plaintiff's claim for tortious debt collection. (*See* Motion at 4-5). "[I]mproper conduct in knowingly and intentionally pursuing a person to force payment of a debt, whether or not he owes it, may, under certain circumstances, give rise to a right to damages for an invasion of privacy." *Montgomery Ward v. Larragoite*, 81 N.M. 383, 385 (1970).

Plaintiff does not dispute the following material facts asserted by the Bank:

8. At the time that it engaged the Law Firm to represent it with regard to the collection of the debt in question, [the Bank] provided the Law Firm with correct information concerning the address and social security number of the actual debtor who owed the debt to [the Bank].

9. After engaging the Law Firm, providing the Law Firm with correct information regarding the debtor, and providing the Law Firm with an affidavit attesting to the fact and amount of the debt owed, there were no further communications whatsoever between [the Bank] and the Law Firm regarding this debt.

(Motion at 2; *see also* Response at 2-3 (disputing the Bank's facts 1-7, but not 8 and 9)). The Bank contends that it is entitled to summary judgment on Plaintiff's Unfair Practices Act and tortious debt

collection claims because the Bank's only involvement with the debt collection effort was to retain the Law Firm and provide the Law Firm with correct information regarding the debtor. (*See* Motion at 4-5).

The Bank also asserts that it is not vicariously liable in tort for the acts of the Law Firm because the Law Firm is an independent contractor. (*See* Motion at 5-6). The Bank cites *Harger v. Structural Services, Inc.*, 121 N.M. 657 (1996), for the proposition that "[f]or purposes of tort liability, an employer can be held vicariously liable for a tort committed by an employee, but a party cannot be held vicariously liable for a tort committed by an independent contractor." (Motion at 5). *Harger* identifies several factors that may be considered, in workers compensation cases, in determining whether a person is an independent contractor or an employee, including the right of control. *See* 121 N.M. at 663-667, 669 ("the legislature had in mind the independent-contractor relationship that supported vicarious liability at common law"). The Bank also quotes a New Mexico Uniform Jury Instruction, N.M. RULES ANN. 13-404, which states "One who employs an independent contractor is not liable to others for the wrongful acts or omissions of the contractor." (Reply at 5).

New Mexico's Uniform Jury Instructions differentiate "employees" from "independent contractors" using the "right to control" factor. New Mexico's Uniform Jury Instruction ("UJI") for "Liability of principal" states:

> If you find there was a principal and agent relationship, the principal is liable for the acts of [his] [her] [its ] agent when:
>
>     1.  The agent was acting within the scope of [his] [her] agency; and
>
>     2.  The principal had the right to control the manner in which the details of the work were to be performed at the time of the occurrence, even though the right of control may not have been exercised.

N.M. RULES ANN. 13-402.

The Committee Commentary to the "Liability of principal" UJI states "With respect to tort liability, the principal is liable for the acts of an agent only when the principal's relationship to the agent is actually that of 'employer-employee' at the time of the occurrence in question and the principal has the 'right of control' on the occurrence." *Id.; but see Lopez v. Southwest Comm. Health Services*, 114 N.M. 2, 10 (Ct. App. 1992) (*stating* "committee commentaries [to New Mexico's Uniform Civil Jury Instructions] have not been adopted by the New Mexico Supreme Court"). "An employer is one who has another perform certain work and who has the right to control the manner in which the details of the work are to be done, even though the right of control may not be exercised." N.M. RULES ANN. 13-403. "The person performing the work is the employee." *Id.*

New Mexico's UJI for "Independent contractors" states:

An independent contractor is one who agrees to do certain work where the person who engages the contractor may direct the result to be accomplished but does not have the right to control the manner in which the details of the work are to be performed.

One who employs an independent contractor is not liable to others for the wrongful acts or omissions of the contractor [or for the wrongful acts or omissions of the employees of the independent contractor].

N.M. RULES ANN. 13-404.

The Bank asserts that the Law Firm is an independent contractor but does not set forth any facts to support that assertion other than stating that the Bank "engaged [the Law Firm] to represent the Bank" in the collection process and that this "was a standard attorney-client relationship." (Motion at 1). The Bank states, at page 6 of its Motion, that it "did not have any control" over the Law Firm's actions but does not set forth any facts regarding its "right to control the manner in

which the details of the work are to be performed" by the Law Firm or any other facts which would show that the Law Firm was an independent contractor. *See* Fed. R. Civ. P. 56(c)(1) (a party asserting that a fact cannot be disputed must support the assertion by citing to particular parts of materials in the record). The fact that the Bank had no involvement with the collections process after it provided the debtor information to the Law Firm is not relevant to the independent contractor analysis because the determination of independent contractor status versus an employer-employee relationship is based on whether there is "the right to control," and not on whether the right to control was exercised. *See* N.M. RULES ANN. 13-402-404. Because the Bank has not met its initial burden of demonstrating that "there is no genuine dispute as to any material fact" and that [the Bank] is "entitled to judgment as a matter of law," the Court will deny the Motion. *See* FED. R. CIV. P. 56(A).

    **IT IS SO ORDERED.**

*[signature: Bruce D. Black]*

**BRUCE D. BLACK**
**CHIEF UNITED STATES DISTRICT JUDGE**