IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LUCINDA M. YAZZIE,

      Plaintiff,

v.                                  No. 10-CV-292 BB/LFG

LAW OFFICES OF FARRELL & SELDIN,

      Defendant.

**PLAINTIFF'S PROPOSED JURY INSTRUCTIONS WITH CITATIONS**

**INSTRUCTION NO. 1**

MEMBERS OF THE JURY:

You now have heard all of the evidence in the case.

It becomes my duty, therefore, to instruct you on the rules of law that you must follow and apply in arriving at your decision in the case.

In any jury trial there are, in effect, two judges.  I am one of the judges; the other is the jury.  It is my duty to preside over the trial and to determine what evidence is relevant under the law for your consideration.  It is also my duty at the end of the trial to instruct you on the law applicable to the case.

**Citation:  Pattern Civil Instructions (Opening – Province of the Court)**

## INSTRUCTION NO. 2

You, as jurors, are the judges of the facts. But in determining what actually happened in this case – that is, in reaching your decision as to the facts – it is your sworn duty to follow the law I am now in the process of defining for you.

And you must follow all of my instructions as a whole. You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. That is, you must not substitute or follow your own ideas or opinion as to what the law is or ought to be. It is your duty to apply the law as I give it to you, regardless of the consequences.

By the same token it is also your duty to base your verdict solely upon the evidence in the case, without prejudice or sympathy.

**Citation: Pattern Civil Instructions (Judges of the Facts)**

## INSTRUCTION NO. 3

This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life.  All persons stand equal before the law, and are to be dealt with as equals in a court of justice.

**Citation:  Pattern Civil Instructions (Equal Standing)**

## INSTRUCTION NO. 4

Plaintiff must prove every essential part of its claims by a preponderance of the evidence.

The Law Offices of Farrell & Seldin must prove every essential part of its affirmative defenses by a preponderance of the evidence.

A preponderance of the evidence simply means evidence that persuades you that a party's claim is more likely true than not true.

In deciding whether any fact has been proven by a preponderance of the evidence, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence regardless of who may have produced them.

If the proof fails to establish any essential part of Plaintiff's claims by a preponderance of the evidence, you should find for the Law Offices of Farrell & Seldin.

If the proof fails to establish any essential part of the Law Offices of Farrell & Seldin's affirmative defenses by a preponderance of the evidence, Plaintiff is not precluded from recovery.

**Citation:  Pattern Civil Instructions (Preponderance of the Evidence)**

## INSTRUCTION NO. 5

One of the parties in this case is a corporation. A corporation is entitled to the same fair and unprejudiced treatment as an individual, and you should decide the case with the same impartiality as you would use in deciding a case between individuals.

**Citation:  Pattern Civil Instructions (Corporate Impartiality)**

## INSTRUCTION NO. 6

A corporation can act only through its officers and employees. Any act or omission of an officer or an employee of a corporation, within the scope or course of his or her employment, is the act or omission of the corporation.

**Citation: Pattern Civil Instructions (Corporation as a Party)**

## INSTRUCTION NO. 7

A corporation can designate a representative or representatives to testify on the behalf of that corporation. The corporation is allowed to select the representative or representatives, but if the corporation selects more than one, they must speak with one voice as the voice of the corporation.  If the words of one representative vary from the words of the other, it should be considered the same as if one person were contradicting his own earlier testimony.

**Citation: Fed R. Civ P. Rule 30(b)(6);** *United States v. Taylor*, **166 F.R.D. 356, 361 (M.D. N.C. 1996)**

**CONTESTED**

## INSTRUCTION NO. 8

Target National Bank was initially a defendant in this lawsuit.  This fact should not have any effect on your consideration of the issues or damages to be awarded, if you decide to award damages.

## INSTRUCTION NO. 9

As stated earlier, it is your duty to determine the facts, and in so doing you must consider only the evidence I have admitted in this case.  The term "evidence" includes the sworn testimony of the witnesses and the exhibits admitted in the record.

Remember that any statements, objections or arguments made by the lawyers are not evidence in the case.  The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing, to call your attention to certain facts or inferences that might otherwise escape your notice.  In the final analysis, however, it is your own recollection and interpretation of the evidence that controls the case. What the lawyers say is not binding upon you.

So, while you should consider only the evidence in the case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience.  In other words, you may make deductions and reach conclusions which reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in the case.

**Citation:  Pattern Civil Instructions (Definition of Evidence)**

## INSTRUCTION NO. 10

You may consider either direct or circumstantial evidence.  "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness.  "Circumstantial evidence" consists of proof of facts or circumstances which give rise to a reasonable inference of the truth of the fact sought to be proved.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.

**Citation:  Pattern Civil Instructions (Circumstantial v. Direct Evidence)**

# INSTRUCTION NO. 11

Now, I have said that you must consider all the evidence.  This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness' testimony.  In weighing the testimony of a witness you should consider the witness' relationship to Plaintiff or to the Law Offices of Farrell & Seldin: the witness' interest, if any, in the outcome of the case; manner of testifying; opportunity to observe or acquire knowledge concerning the facts about which the witness testified; candor, fairness and intelligence; and the extent to which the witness has been supported or contradicted by other credible evidence or previous statements inconsistent with the witness' present testimony.  You may, in short, accept or reject the testimony of any witness in whole or in part.

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or non-existence of any fact.  You may find that the testimony of a smaller number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.


**Citation:  Pattern Civil Instructions (Credibility of Witnesses)**

## INSTRUCTION NO. 12

A witness may be discredited or impeached by contradictory evidence or inconsistent conduct, or by evidence that at other times the witness has made material statements, under oath or otherwise, which are inconsistent with the present testimony of the witness, or by evidence that the general reputation of the witness for truth, honesty or integrity is bad, or by specific acts of wrongdoing of the witness.

If you believe that any witness has been impeached or discredited, it is your exclusive province to give the testimony of that witness only such credit as you may think it deserves.


**Citation:  Pattern Civil Instructions (Impeachment)**

## INSTRUCTION NO. 13

Some evidence is admitted for a limited purpose only.  When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

**Citation:  Pattern Civil Instructions (Limited Purpose)**

## INSTRUCTION NO. 14

Deposition testimony is testimony that was taken under oath before trial and has been preserved in writing.  This testimony is entitled to the same consideration that you give any other testimony at this trial.

**Citation:  Pattern Civil Instructions (Deposition Testimony)**

## INSTRUCTION NO. 15

Interrogatories are written questions asked by one party to another before trial and answered under oath.  The questions and answers may be read at trial as evidence.  The answers read to you are testimony under oath and are entitled to the same consideration that you give any other testimony.

**Citation:  Pattern Civil Instructions (Interrogatories)**

## INSTRUCTION NO. 16

Plaintiff says that evidence within the control of the Law Offices of Farrell & Seldin was lost, destroyed, or altered.  If you find that this happened, without a reasonable explanation, you may, but are not required to, conclude that the lost, destroyed or altered evidence would be unfavorable to the Law Offices of Farrell & Seldin.

**Citation: U.J.I. 13-1651, NMRA (2005).**

**CONTESTED**

## INSTRUCTION NO. 17

An attorney has the right to interview a witness for the purpose of learning what testimony the witness will give.  The fact that the witness has talked to an attorney does not reflect adversely on the truth of such testimony.


**Citation:  Pattern Civil Instructions (Attorney Interview of Witnesses)**

INSTRUCTION NO. 18

In this civil action Plaintiff seeks compensation from the Law Offices of Farrell & Seldin for damages which Plaintiff claims were caused by violations of the Fair Debt Collection Practices Act, the Unfair Practices Act and tortious debt collection.

**Citation:  U.J.I. 13-302A, NMRA (2003).**

## INSTRUCTION NO. 19

Plaintiff contends that the Law Offices of Farrell & Seldin violated the Fair Debt Collection Practices Act by:

- engaging in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with an attempt to collect a debt;

- using false representations or deceptive means in an attempt to collect a debt; or

- using unfair or unconscionable means in an attempt to collect a debt.

If you find that the Law Offices of Farrell & Seldin engaged in any one of these actions you should find that the Law Offices of Farrell & Seldin violated the Fair Debt Collection Practices Act, whether the Law Offices of Farrell & Seldin intended to violate this law or not, unless you find that the violations of law were the result of bona fide error, as this affirmative defense is explained in the next instruction.

**Citation: 15 U.S.C. § 1692d; 15 U.S.C. § 1692e(10); 15 U.S.C. § 1692f;** *Reichert v. National Credit Systems, Inc.*, **531 F.3d 1002, 1004 (9th Cir. 2008);** *Taylor v. Perrin, Landry, deLaunay and Durand*, **103 F.3d 1232, 1238-39 (5th Cir. 1997);** *Russel v. Equifax A.R.S.*, **74 F.3d 30, 33 (2d. Cir. 1996);** *Russey v. Rankin*, **911 F.Supp. 1449, 1455 (D. N.M. 1995)**

INSTRUCTION NO. 20

The Law Offices of Farrell & Seldin contends that any violation of the Fair Debt Collection Practices Act that it committed should be excused by its affirmative defense of bona fide error. For the Law Offices of Farrell & Seldin to prevail under its bona fide error defense, it must prove that the violation was (1) unintentional, (2) a bona fide error, and (3) made despite the maintenance of procedures reasonably adapted to avoid the violation.

Concerning the first prong of the bona fide error test – whether the violation was unintentional – the Law Offices of Farrell & Seldin's conduct can be considered intentional even if it lacked knowledge that its conduct violated the Fair Debt Collection Practices Act.

Concerning the second prong of the bona fide error test – whether the violation was a bona fide error – the Law Offices of Farrell & Seldin must prove that its claimed error was objectively reasonable and "bona fide," meaning that the error resulting in the violation was made in good faith; a genuine mistake, as opposed to a contrived mistake.

Concerning the third prong of the bona fide error test – whether the violation was made despite the maintenance of procedures reasonably adapted to avoid the violation – the Law Offices of Farrell & Seldin must prove that it in fact maintained – actually employed or implemented – procedures to avoid the error at issue.

The Law Offices of Farrell & Seldin must establish a bona fide error for each of its alleged violations of the Fair Debt Collection Practices Act.

**Citation:** *Bassett v. I.C. System, Inc.*, 715 F.Supp.2d 803, 813 (N.D. Ill. 2010); *Caputo v. Professional Recovery Services, Inc.*, 261 F.Supp.2d 1249, 1259 (D. Kan. 2003); *Johnson v. Riddle*, 443 F.3d 723, 729 (10th Cir. 2006); *Kort v. Diversified Collection Services, Inc.*, 394 F.3d 530, 538 (7th Cir. 2005); *Johnson v. Riddle*, 305 F.3d 1107, 1121 (10th Cir. 2002) *overruled on other grounds by Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, ___ U.S. ___, 130 S.Ct. 1605, 176 L.Ed.2d 519 (2010)

## INSTRUCTION NO. 21

Plaintiff also contends that the Law Offices of Farrell & Seldin violated the Unfair Practices Act by:

- making one or more false or misleading oral or written statements, visual descriptions or other representations of any kind;

- knowingly made in connection with the collection of a debt;

- in the regular course of its trade or commerce;

- which may, tends to or does deceive or mislead any person.

This conduct includes, but is not limited to:

- using ambiguity as to a material fact or failing to state a material fact if doing so deceives or tends to deceive; or

- stating that a transaction involves rights, remedies or obligations that it does not involve.

**Citation: NMSA 1978 § 57-12-2(D).**

## INSTRUCTION NO. 22

Under the Unfair Practices Act, the false or misleading representation need not be intentionally made.  However, it must be knowingly made.  A person or business knowingly makes a false or misleading representation if the person or business was actually aware that the representation was false or misleading at the time the representation was made *or*, in the exercise of reasonable diligence, it should have been aware that the representation was false or misleading.  A representation can be a statement but it can also be a description, an action or a representation of any other kind.

**Citation:** *Jaramillo v. Gonzales,* **2002 NMCA 72, 26-31, 132 N.M. 459, 466-677, 50 P.3d 554, 561-62 (N.M. Ct. App. 2002),** *cert. denied***, 132 N.M. 288, 47 P.3d 447 (N.M. 2002);** *Russey v. Rankin***, 911 F. Supp. 1449, 1460 (D. N.M. 1995).**

## INSTRUCTION NO. 23

Once you decide whether the Law Offices of Farrell & Seldin violated the Unfair Practices Act, you must decide whether it violated this law *willfully*. To willfully violate the Unfair Practices Act, the Law Offices of Farrell & Seldin need not have intended to deceive at the time that it made the representation, but the Law Offices of Farrell & Seldin must have made the representation with knowledge that the representation is false or misleading, or apt to become false or misleading in the future.

You do not need to decide that the Law Offices of Farrell & Seldin violated the Unfair Practices Act *willfully* to find that it violated this law. Rather, the question of whether the violation was willful is an additional question to be decided, after it is determined that the law was violated.

**Citation:** *Ashlock v. Sunwest Bank,* **107 N.M. 100, 101-102 (N.M. 1988); U.J.I. 13-1827, NMRA (2003).**

## INSTRUCTION NO. 24

Plaintiff also contends that the Law Offices of Farrell & Seldin committed tortious debt collection.

In order to prove that the Law Offices of Farrell & Seldin committed tortious debt collection, Plaintiff has the burden to prove that the Law Offices of Farrell & Seldin knowingly and intentionally pursued her to force payment of a debt, whether she owed it or not.

**Citation:** *Montgomery Ward v. Larragoite*, 81 N.M. 383, 385, 467 P.2d 399, 401 (N.M. 1970); *Billsie v. Brooksbank*, 525 F.Supp.2d 1290, 1297 (D. N.M. 2007); *Kolker v. Sanchez*, No. 90-CV-1082, 1991 U.S. Dist. LEXIS 20783 at *1 (D. N.M. Dec. 10, 1991).

## INSTRUCTION NO. 25

You are not to engage in any discussion of damages unless you have first determined that there is liability, as elsewhere covered in these instructions.

The fact that you are given instructions on damages is not to be taken as an indication as to whether the court thinks damages should or should not be awarded.

**Citation:  Pattern Civil Instructions (Determine Liability Before Damages)**

## INSTRUCTION NO. 26

If you should decide in favor of Plaintiff on the question of liability, you must then fix the amount of money which will reasonably and fairly compensate her for any of the following elements of damages proved by Plaintiff to have resulted from the wrongful conduct as claimed. These damages are called compensatory damages and include out of pocket expenses – such as the cost for copying documents at the courthouse or the cost of gas to drive to and from the courthouse in Aztec, New Mexico – compensation for lost time – including time away from work or lost vacation time – and compensation for personal humiliation, embarrassment, mental anguish, emotional distress, aggravation or frustration.

Whether any of these elements of damages have been proved by the evidence is for you to determine. Your verdict must be based upon proof and not upon speculation, guess or conjecture.

Further, sympathy or prejudice for or against a party should not affect your verdict and is not a proper basis for determining damages.

Citation:  U.J.I. 13-1802 NMRA (2003); *Orekoya v. Mooney*, 330 F.3d 1 (1st Cir. 2003) *overruled on other grounds Doe v. Chao*, 540 U.S. 614, 618 (2004); *Parks v. United States Internal Revenue Service*, 618 F.2d 677, 683 (10th Cir. 1980); *Riley v. Giguiere*, 631 F.Supp.2d 1295, 1315-16 (E.D. Cal. 2009); *Cannon v. SC & Associates LLC*, No. 1:09-CV-2981, 2009 U.S. Dist. LEXIS 73433 at *4 (N.D. Ill. Aug. 18, 2009); *Davis v. Creditors Interchange Receivable Management, LLC*, 585 F.Supp.2d 968, 973 (N.D. Ohio 2008); *Hale v. Basin Motor Co.*, 110 N.M. 314 (N.M. 1990); *Apodaca v. Miller*, 79 N.M. 160, 164, 441 P.2d 200, 204 (N.M. 1968); 62A Am. Jur. 2d *Privacy* § 106 (2002); *Restatement (Second) of Torts* § 652H (1977).

CONTESTED AS TO FORM

## INSTRUCTION NO. 27

Actual damages may include damages for such things as out of pocket expenses and lost time, but also for personal humiliation, embarrassment, mental anguish and emotional distress. There is no fixed standard or measure in the case of intangible items such as humiliation, embarrassment, mental anguish or emotional distress. Mental and emotional suffering and distress pass under various names such as mental anguish, aggravation, frustration and the like. It includes all highly unpleasant mental reactions such as fright or grief, shame, humiliation, embarrassment, anger, chagrin, disappointment, worry and nausea. The law does not set a definite standard by which to calculate compensation for mental and emotional suffering and distress. Neither is there any requirement that any witness express an opinion about the amount of compensation that is appropriate.

The law does require, however, that when making an award for mental and emotional suffering and distress you should exercise calm and reasonable judgment. The compensation must be just and reasonable.

**Citation:** *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 957 (9th Cir. 2011).

**CONTESTED**

## INSTRUCTION NO. 28

A proximate cause of damages is that which in a natural and continuous sequence produces the damages, and without which the damages would not have occurred.  It need not be the only cause, nor the last nor nearest cause.  It is sufficient if it occurs with some other cause acting at the same time, which in combination with it, causes the damage.


**Citation:  Pattern Civil Instructions (Proximate Cause, General)**

## INSTRUCTION NO. 29

Damages must be reasonable.  If you should find that Plaintiff is entitled to a verdict, you may award only such damages as will reasonably compensate Plaintiff for such injury and damage as you find, from a preponderance of the evidence in the case, that Plaintiff has sustained as a proximate result of the accident.

You are not permitted to award speculative damages.  So, you are not to include in any verdict compensation for any prospective loss which, although possible, is not reasonably certain to occur in the future.

**Citation:  Pattern Civil Instructions (Damages Must Be Reasonable)**

## INSTRUCTION NO. 30

In the event you find that Plaintiff should recover actual damages, and if you further find that the acts of the Law Offices of Farrell & Seldin were with a wanton disregard of Plaintiff's rights, or reckless, or oppressive, or fraudulent or maliciously intentional, then you may award exemplary or punitive damages.

If you find that Plaintiff should recover compensation for damages, and if you further find that the conduct of the Law Offices of Farrell & Seldin was reckless, grossly negligent or in bad faith, then you may award punitive damages.

Such additional damages are awarded for the limited purposes of punishment and to deter others from the commission of like offenses.

The amount of punitive damages must be based on reason and justice taking into account all the circumstances, including the nature of the wrong and such aggravating and mitigating circumstances as may be shown. The amount awarded, if any, must be reasonably related to the actual damages and injury and not disproportionate to the circumstances.

**Citation:  Pattern Civil Instructions (Punitive Damages) (modified)**

**CONTESTED**

## INSTRUCTION NO. 31

In determining whether punitive damages should be awarded against the Law Offices of

Farrell & Seldin, you should consider:

- whether the conduct of Barry Seldin or Thomas Farrell was reckless, grossly

    negligent or in bad faith; or

- whether the conduct of the employees of the Law Offices of Farrell & Seldin,

    when viewed together, indicate that the conduct of Law Offices of Farrell &

    Seldin was reckless, grossly negligent or in bad faith.

You need not find that both possibilities existed to award punitive damages. Either one of the

possibilities is sufficient.

**Citation: *Chavarria v. Fleetwood Retail Corporation*, 2006 NMSC 46, 140 N.M. 478, 143 P.3d 717 (N.M. 2006); *Clay v. Ferrellgas, Inc.*, 118 N.M. 266, 270, 881 P.2d 11, 15 (N.M. 1994); *Grassie v. Roswell Hospital Corporation*, 2011 NMCA 24, 33-47, 2010 N.M. App. LEXIS 161 at \*22-31 (N.M. Ct. App. Nov. 30, 2010).**

**CONTESTED**

## INSTRUCTION NO. 32

Faithful performance by you of your duties is vital to the administration of justice.

Any verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree to it. In other words, your verdict must be unanimous.

It is your duty as jurors to consult with one another, and to deliberate in an effort to reach an agreement if you can do so without giving up your individual judgment. Each of you must decide the case for yourself, but only after an impartial consideration of all the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of the evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times you are not partisans. You are judges – judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

**Citation: Pattern Civil Instructions (Faithful Performance)**

## INSTRUCTION NO. 33

Upon retiring to the jury room you should first elect a foreperson who will preside over your deliberations and will be your spokesperson here in court.

A verdict form has been prepared for your convenience.  You will take this verdict form to the jury room and when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in, date and sign it, and then notify the court security officer that you have reached a verdict.

[Read the verdict form.]

If, during your deliberations, you should desire to communicate with me, please put your message or question in writing signed by the foreperson, and pass the note to the court security officer who will bring it to my attention.  I will then respond as promptly as possible, either in writing or by having you returned to the courtroom.  I caution you, however, with regard to any message or question you might send, that you should never state your numerical division.

HONORABLE BRUCE D. BLACK
United States District Court Judge

**Citation:  Pattern Civil Instructions (Foreperson)**

Respectfully submitted:

TREINEN LAW OFFICE, Attorneys for Plaintiff

ROB TREINEN
500 Tijeras Ave NW
Albuquerque, New Mexico 87102
(505) 247-1980
(505) 843-7129 (fax)


I certify that I served a copy of the foregoing pleading by mailing the same to Jack Brant, attorney for Defendants Law Offices of Farrell & Seldin and Target National Bank, at Law Office of Jack Brant PC, 22 Tulane Dr SE, Albuquerque, New Mexico 87106-1414, on July 18, 2011.

ROB TREINEN

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LUCINDA M. YAZZIE,

      Plaintiff,

v.                                  No. 10-CV-292 BB/LFG

LAW OFFICES OF FARRELL & SELDIN,

      Defendant.

**PLAINTIFF'S PROPOSED VERDICT FORM**

1.  Has Plaintiff proven her claim against the Law Offices of Farrell & Seldin for violation of the Fair Debt Collection Practices Act?

    _____ Yes                              _____ No

2.  Has Plaintiff proven her claim against the Law Offices of Farrell & Seldin for violation of the Unfair Practices Act?

    _____ Yes                              _____ No

3.  Has Plaintiff proven her claim against the Law Offices of Farrell & Seldin for tortious debt collection?

    _____ Yes                              _____ No

    If you answered no to the foregoing questions, then the Foreperson should sign and date the verdict form and advise the Court that the jury has reached a verdict.

    If you answered yes to any of Questions Nos. 1, 2 or 3, above, then please answer the following question.

4.  Was the Law Offices of Farrell & Seldin's violation of the Fair Debt Collection Practices Act, or the Unfair Practices Act, or its commission of tortious debt collection, a proximate cause of any damages to Plaintiff?

    _____ Yes                              _____ No

    If you answered no to Question No. 4, then the Foreperson should sign and date the verdict form and advise the Court that the jury has reached a verdict.

    If you answered yes to Question No. 4, then you may award actual and compensatory damages to Plaintiff.

    We award the following amounts of actual and compensatory damages: _____

    If you answered yes to Question No. 3 above, then you may award punitive damages.

    We award the following amount of punitive damages: _____

    If you answered yes to Question No. 2 above, then please answer the following question.

    Did the Law Offices of Farrell & Seldin act wilfully in the actions that resulted in the violation of the Unfair Practices Act?

    _____ Yes                              _____ No

_____

**SIGNATURE OF FOREMAN**


_____

**DATE**

2

Respectfully submitted:

TREINEN LAW OFFICE, Attorneys for Plaintiff

ROB TREINEN
500 Tijeras Ave NW
Albuquerque, New Mexico 87102
(505) 247-1980
(505) 843-7129 (fax)

I certify that I served a copy of the foregoing pleading by mailing the same to Jack Brant, attorney for Defendants Law Offices of Farrell & Seldin and Target National Bank, at Law Office of Jack Brant PC, 22 Tulane Dr SE, Albuquerque, New Mexico 87106-1414, on July 18, 2011.

ROB TREINEN